Alfred Chestnutt v. J. D. Gann.

No. 2766.

**Trustee Sale—Substituted Trustee.**—The power to appoint a substitute to make sale of land charged with a debt, upon the refusal or failure of the trustee named to act, will not arise where the trustee is proceeding to execute the power; and as against a sale made by the original trustee a purchaser under sale by a substitute appointed after the original trustee had advertised the sale will take no interest in the land.

Appeal from Angelina. Tried below before Hon. L. B. Hightower. The opinion states the case.

*W. J. Townsend* and *E. B. Wheeler,* for appellant.

*J. D. Gann,* for appellee.

Acker, Presiding Judge.—J. D. Gann sued in trespass to try title to 160 acres of land. The defendant Alfred Chestnutt pleaded not guilty. The trial was by a jury, and resulted in verdict and judgment for plaintiff. Both parties claim under A. J. Spears, through sales made on the 4th day of October, 1887, under a deed of trust from Spears to Muller and Clarke.

The plaintiff claims under a deed executed to him by Du Bose, the original trustee named in the deed of trust, and the defendant claims through a deed executed to him by one Borden, appointed by defendant as substituted trustee in the deed of trust.

The deeds were both dated October 4, 1887, and purported to have been executed in pursuance of sales made under the deed of trust.

The indebtedness of Spears, for which he executed the deed of trust, amounted to $205.50, and had been transferred to defendant on the 22d day of August, 1885, as appears from endorsement thereon. Muller died, and the Probate Court at the February Term, 1887, set apart the Spears debt to pay the allowance made by the court for the support of his minor child, his estate being insolvent.

By the terms of the deed of trust the power to appoint a substitute trustee was dependent upon the refusal or failure of the original trustee to execute the trust.

Defendant testified that he owned an interest in the Spears debt of $162.50, and that Muller's estate owned the balance; that in part payment of a fee of $300, Muller gave to him a vendor's lien note on L. A. Bagley for $162.50, which Bagley had given for the Stotham place; that Bagley conveyed the Stotham place to him in payment of the note; that on the day the conveyance was made to him by Bagley the place was levied on by Muller's creditors, and Muller then agreed with him that if the Stotham place could not be held Muller would make it good to him; that he had to give up the Stotham place, and Muller delivered the Spears debt

and deed of trust to him to get the $162.50 out of, and he filled out the transfer by writing his name and the date in it; that he stated to the administrator of Muller's estate that he was holding the Spears debt to secure him against the loss of the Stotham place; that he called on Du Bose, the trustee named in the deed of trust, to foreclose it and pay him his indebtedness, and the trustee refused to sell the property, stating that if he sold it he would sell it to pay to Muller's child, and would not apply the proceeds of the sale to defendant's benefit; that by reason of the failure of said trustee to sell the land and apply the proceeds to his debt he appointed Borden substitute trustee after he saw the notice of sale posted by Du Bose, the original trustee, dated September 7, 1887, and dated his appointment of Borden back to September 1.

From this testimony of appellant it certainly appears that he appointed the substitute trustee with full notice that the original trustee was at that time proceeding to execute the trust. Until he refused to act in the performance of his duties as trustee, there was no power in any one to appoint a substitute, and defendant's appointment of Borden conferred no power on him to make the sale, even if defendant had been the exclusive owner of the debt to secure the payment of which the deed of trust was given.

It is not denied that the sale of the land by Du Bose was made in compliance with the terms and requirements of the deed of trust.

From what we have said it follows that appellant acquired no interest in the land by the conveyance from Borden, and that appellee acquired the title under the sale and conveyance by Du Bose, the original trustee.

We deem it unnecessary to discuss the numerous assignments of error presented by appellant, and thereby needlessly increase the costs with which he must be taxed; for no other judgment could lawfully have been rendered than that which was rendered, and we are therefore of opinion that it should be affirmed.

*Affirmed.*

Adopted March 4, 1890.