ROBERT VAUGHAN v. JOSEPH BAILEY.

No. 1305.

1.  **Agreement in Record.**

It seems that an agreement as to a fact, in the record, which forms no part of the findings by the trial court, and is not approved by the judge as a statement of facts, cannot be considered by the court on appeal.  48 Tex., 38.

2.  **Power to Appoint Substitute Trustee.**

When no demand has been made on the original trustee to act, and he is under no disability and did not refuse to act, the beneficiary has no power to appoint a substitute trustee, although the deed of trust authorized such appointment should the trustee "fail or be unable to act in carrying out the provisions of this trust."

APPEAL from McLennan.   Tried below before Hon. L. W. GOODRICH.

*W. M. Flournoy,* for appellant.—The court erred in its conclusions of law, that Robert Vaughan had no power to appoint a substitute trustee, the deed of trust executed by Joseph Bailey giving him said power in specific terms.   Jacobs v. McClintock, 53 Texas, 80; Cheveral v. McCormick, 58 Texas, 445; Chestnutt v. Gann, 76 Texas, 150; 2 Washburn on Real Prop., p. 80, sec. 11; Perry on Trusts, secs. 490, 602.

*James I. Moore,* for appellee.—It appears that the power to appoint a substitute trustee was dependent upon the failure or inability of the original trustee to execute the trust, and until he had failed to act, or it was shown that he was unable to act in the performance of his duties as trustee, there was no power in any one to appoint a substitute, and Vaughan's appointment of Ewing conferred no power on him to make the sale.   Chestnutt v. Gann, 76 Texas, 150.

KEY, ASSOCIATE JUSTICE.—In this case there is no statement of facts, appellant basing his appeal upon the conclusions of fact found by the trial court and an agreement (signed by the parties, but not approved by the judge) to the effect that the deed of trust executed by Joseph Bailey to Robert Vaughan, and mentioned in the court's conclusions of fact and law, contains the following clause:  "And if from any cause the said trustee shall fail or be unable to act in carrying out the provisions of this trust, then the holders and owners of said note may in writing appoint a substitute trustee, and all the acts of such substitute shall be as valid and binding on me as though performed by the original trustee."

Under the doctrine announced in Johnson v. Blount, 48 Texas, 38, and cases there cited, as this agreement is no part of the court's findings, and is not approved by the judge as a statement of facts, we do not feel at liberty to consider it in deciding the case.   But as the court's findings show that no demand was made on the original trustee to act, that he was not under disability, and did not refuse to act, we are not prepared to say that the court erred in holding that appellant had no power to appoint a substitute trustee, even if the agreement referred

to should be treated as a part of the court's findings. Chestnutt v. Gann, 76 Texas, 150.

By written agreement signed by counsel for both parties, this is the only question we are called upon to decide, and we hold that the ruling thereon by the court below was correct.

*Affirmed.*

Delivered June 19, 1895.