Vince Bracken et.al. v. W. R. Bounds.

No. 1176. Decided January .19, 1903.

**1.—Trustee's Sale—Refusal to Act—Substitute Trustee.**

The beneficiary under a trust deed securing a debt, having power to appoint a substitute trustee in case the person named should fail or refuse to act or become disqualified, has no right to appoint such substitute where he has not called on the original trustee to act, but merely procured his consent to such substitution; and a sale by the substitute trustee under such circumstances does not pass title. (Pp. 202-204.)

**2.—Same—Acceptance by Trustee.**

The fact that the trustee named has never formally accepted the trust does not make lawful the appointment of another by the beneficiary under the power of substitution in the deed, where there was no actual refusal by the trustee to accept or to act. (P. 204.)

**3.—Trustee's Deed—Recitals—Evidence.**

See opinion as to effect of recitals in deed by substitute trustee in establishing the facts authorizing substitution. (P. 204.)

**4.—Pleading—Trespass to Try Title.**

Under the defense of not guilty, in trespass to try title, defendant may defeat the title claimed by plaintiff through sale by a substitute trustee by showing that the appointment of the substitute trustee was unauthorized. (Pp. 204, 205.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

Bounds sued Vince and Albert Bracken in trespass to try title and recovered judgment for the land, which judgment was affirmed on appeal. Bracken then procured writ of error.

*Ivy & Scruggs* and *A. P. McKinnon,* for plaintiffs in error.—On the proposition that there was no authority for the appointment of a substitute trustee on the ground that before said appointment was made no request was made to the original trustee to sell the property, the following cases are cited. Crosby v. Huston, 1 Texas, 203; Harrold v. Warren, 46 S. W. Rep., 657; Eitelgeorge v. Building Assn., 69 Mo., 52; Burchinell v. Bennett, 52 Pac. Rep., 57; 2 Jones on Mort., 5 ed., 1174.

The defendant in error takes the position that the evidence shows that H. B. Allen, the trustee, was not apprised of his appointment as trustee in the deed of trust. That when Bounds went to him and requested him not to act as trustee and permit him to appoint Edgar Bounds, his brother, substitute trustee, that he consented not to accept the appointment, and he thereupon appointed the substitute trustee. There has been no authority cited which holds that this action of the beneficiary could be justified by the contract expressed in the deed of trust. The principal which governs in cases of this character, as we understand from all the authorities, is, that an exercise of power conferred in a deed of trust is strictly construed, and any action by the party not sanctioned or authorized by the power is void.

Bounds in the first instance, after having accepted the deed of trust

with Allen appointed as trustee, could no more bring about the non-acceptance by Allen of the trust than he could appoint a substitute trustee to sell the property without first requesting the original trustee to make the sale. To recognize such a rule would be to permit the beneficiary in a deed of trust to change the terms of the contract and appoint a substitute trustee without the happening of the conditions which authorize a sale of the property according to the terms of the deed of trust.

If there was any failure by Allen, it was induced not only by the wish but by the affirmative request of Bounds. It then became the duty of Bounds according to the clear obligation and import of the contract, not as evidenced by the deed of trust, to go to Allen and request him to accept or to execute the trust as the case may be, and it was contrary to this duty for Bounds, instead of requesting Allen to accept or execute the trust, to request him not to accept or not to execute the trust.

*Wear, Morrow & Smithdeal* and *Bounds & Hart,* for defendant in error.—The defendant in error made out at least a prima facie case by the introduction of, first, the deed of trust from Vince Bracken containing a stipulation as follows: "It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters there stated, and all prerequisites to said sale shall be presumed to have been performed." Second, the writing appointing E. W. Bounds trustee; and third, the trustee's deed to W. R. Bounds, containing the recital that H. B. Allen had failed and refused to act as trustee. Jones on Mort., secs. 1895, 1830; Lallance v. Fisher, 2 S. E. Rep., 775; Tyler v. Herring, 6 So. Rep., 840; Lunsford v. Speaks, 17 S. E. Rep., 431.

As a condensed statement of our contention upon the question noticed by this court in granting the writ of error in this cause, defendant in error respectfully submits that in the trial of this cause, the issue as to whether there was a failure or refusal on the part of Allen, the original trustee named in the deed of trust, to act was not raised. Defendant's amended answer upon which the case was tried clearly discloses that in the view of defendant said Allen in fact failed to act when the contingency arose under which he was authorized to advertise and sell the land. Said answer alleges that said Allen at no time consented to act as trustee, but that he consented not to act. Defendant sought to avoid the sale, not on the ground that there was not a failure or refusal on the part of Allen to act, but upon the ground that Allen's failure to act was "procured by plaintiff." The record discloses not a failure of the trustee named in the deed of trust to perform a duty undertaken by him, but a failure to accept the trust. And we submit that the statements of the two witnesses, H. B. Allen and W. R. Bounds, taken in connection with the facts and circumstances surrounding the parties as disclosed by the record, show conclusively that the appointment of the

substitute trustee was in harmony with the authority conferred by the deed of trust upon the cestui que trust, without fraud in fact or technical legal fraud. Here were the conditions: Plaintiff holds a past due note amounting to $1100, secured by deed of trust on land, which at the highest valuation put upon it by plaintiff in error was not worth to exceed $1200. The trustee named in the deed of trust was not a party to the instrument naming him as trustee; he had never been consulted and had never consented to act; he was a banker and a man of affairs, residing thirty miles from Hillsboro, where the land must be advertised and the sale made. Defendant in error desired a prompt foreclosure of his lien; Allen was under no obligation to accept a trust in which there was neither honor nor profit. Defendant in error, anticipating that Allen, if he accepted at all, would do so with reluctance and at a personal sacrifice, in effect said to Allen, "Here is a trust to be performed for my benefit; my interests demand immediate performance; it will inconvenience you to accept; your declining will not inconvenience me, as I can appoint my brother, who lives in Hillsboro, trustee, and he can attend to the matter for me." Allen sees his opportunity to avoid responsibility by declining to become trustee and promptly seizes it.

WILLIAMS, ASSOCIATE JUSTICE.—Defendant in error sued Vince Bracken and Albert Bracken in trespass to try title to recover the land in controversy. Albert Bracken pleaded not guilty. Vince Bracken, in addition to his plea of not guilty, specially alleged the facts that will be stated to show the invalidity of plaintiff's claim of title or as grounds for a decree setting it aside. The evidence showed that prior to August 24, 1895, Vince Bracken was the owner of the land, and that on that day he and his wife executed a deed of trust, to secure plaintiff in the payment of a note, in which H. B. Allen was named as trustee and empowered, upon default in the payment of the note and upon request of Bounds, to sell the property. The deed also provided that, "should the said H. B. Allen from any cause whatever fail or refuse to act or become disqualified from acting as such trustee," Bounds might appoint a substitute, who should have the power delegated to Allen. The deed further provided that the recitals in the conveyance to the purchaser should be full evidence of the matters therein stated. On the 28th day of March, 1899, the note being past due, W. R. Bounds in writing appointed Edgar W. Bounds, his brother, as substitute for Allen, reciting that Allen, having been requested to sell the land, failed and refused to act. The substitute trustee sold the land and executed to plaintiff, who purchased, a deed reciting the provisions of the trust deed, his appointment in Allen's stead, and the subsequent proceedings, and conveying the land. The evidence showed that Albert Bracken was in possession claiming the land under a verbal gift from his father, Vince Bracken. One of the grounds of the defense was that the sub-

stitute trustee had no power to sell because the facts had not occurred to authorize his appointment. The facts as to this are contained in the testimony of Allen and of Bounds. The former testified as follows: "I know there was such a deed of trust [referring to the deed of trust introduced in evidence]. I don't remember, but don't think I was ever asked to act as trustee, but the deed of trust might have been delivered to me for safe keeping, but I don't remember now. The first time that I knew of the deed of trust was when Mr. W. R. Bounds requested me not to act as trustee. Prior to the sale of this land, under the deed of trust, Mr. W. R. Bounds called on me and showed me the deed of trust and stated that I was the trustee, and that he wanted the deed of trust foreclosed, and that if it made no difference with me he preferred to have a substitute trustee execute the deed of trust. I told Mr. Bounds that it made no difference with me. I do not remember that prior to said conversation I had any notice of the fact that I had been made trustee in the deed of trust."

Cross-examined: "At the time inquired about W. R. Bounds was customer of mine and my relations with him were friendly, and he kept valuable papers in my vault. I can not state that said deed of trust was not left with me for safe keeping. I had no objections to W. R. Bounds as one of my customers, and did not make any objections to the fact that I was named trustee in the deed of trust when I became aware of it. After I became aware of my appointment as trustee I authorized Bounds to appoint a substitute trustee to make the sale. I do not remember whether I was informed by anyone or not of my appointment as trustee in this deed of trust."

Bounds' testimony on this point was as follows: "Mr. Allen, who was trustee in the deed of trust, lived at Hubbard City. Edgar W. Bounds, who was appointed substitute trustee, lived in Hillsboro. The distance from Hubbard City to Hillsboro is thirty miles. Mr. Allen is a banker. I did not request Mr. Allen not to act as trustee. I simply went to him and told him that I wanted this matter adjusted and settled off, and told him I had been on a deal with old Uncle Vince to get it settled. I told him I wanted it attended to at once, and told him that if it was all the same with him I would get my brother to attend to it, as he lived there at Hillsboro, and I could send the deed of trust up to him and have him to attend to it at once, and it would save him from having any further trouble with it. And I told him Uncle Vince was a particular friend of his and it might be the cause of him making an enemy out of him, and it might be the cause of Uncle Vince getting mad at him, and if it was all the same I would have my brother appointed, and he said it was all right with him, and that he had no objections."

The trial court instructed the jury to return a verdict for the plaintiff, and refused to give a charge requested by defendant to the effect that the sale by Edgar W. Bounds was void.

We are of the opinion that both actions of the court were erroneous. The evidence which we have stated shows plainly not only that Bounds never requested Allen to sell, but also that he requested and induced him not to do so. By the deed of trust which created all the rights and powers of Bounds and the trustee over the land Allen was selected as the person to make the sale, and the appointment of another in his stead was authorized only in case of his failure, refusal or disqualification to act. No sale could be legally made, except in accordance with these provisions. The power to appoint a substitute could have no existence until the contingency provided for by the deed had happened. The makers of the deed of trust had the right to select and did select the person to whom they were willing to intrust the execution of the power created, and Bounds had no right by his own management to deprive them of the services of their selected agent. The power of substitution gave him a remedy only in case the power of sale created for his benefit would be defeated by the action or nonaction of the trustee chosen by Bracken. That he could not, for his own convenience, bring about the condition to authorize himself to select another trustee, seems too plain a proposition to require argument or authority to support it. The mere assent by Allen to Bounds' suggestion that he should not act can not be held a "failure or refusal" of Allen, in the sense of the deed of trust, without doing violence to its very substance. It is urged that Allen never accepted the trust which the deed sought to impose on him and was therefore never invested with the power; and that for this reason a state of facts existed to authorize the appointment of a substitute. But while an acceptance may have been necessary to impose a duty on him, as trustee, it was not essential to the validity of the instrument. That created a right in Bounds to have the property sold, but only in accordance with its provisions, which required a sale by Allen unless he failed or refused to make it. The fact that Allen had not signified his acceptance did not enlarge Bounds' rights or powers, whatever might have been the effect of an affirmative and unequivocal refusal to accept. When the time came for action Allen could still have accepted and conducted the sale had he been properly called upon to do so.

It is urged that, by the deed of trust, the deed of the substitute trustee is made evidence of the facts recited in it; and that this imposed upon defendants the burden of showing affirmatively that Allen had not failed or refused to act and that the evidence does not necessitate that conclusion. Whether or not the recitals in the deed of a substitute trustee could be accepted, under such a provision as that contained in the deed of trust before us, as evidence that the facts authorizing the substitution had occurred, we need not consider. The deed of the substitute, as stated in the record, contains no recital of those facts; and besides, if the burden was on the defendants as contended, the admitted facts sustain their contention. We do not agree with the contention that the pleading of Vince Bracken did not properly set up the defense

which we sustain; but, if it were so, Albert Bracken had the right to prove the facts defeating plaintiff's title under his plea of not guilty, and it is therefore unnecessary to dwell longer on this point.

The evidence showing conclusively that the trustee's sale was void, the judgments below will be reversed and judgment will be rendered for defendants.

*Reversed and rendered.*