JOHN M. BEMIS v. W. T. WILLIAMS, EXECUTOR, ET AL.

Decided May 6, 1903.

1.—Deed of Trust—Power of Sale—Substitute Trustee.

Where a deed of trust with power of sale by the trustee provides that a substitute trustee may be appointed by the cestui que trust upon the failure or refusal of the trustee to act, the appointment of a substitute without any failure or refusal of the trustee to act is unauthorized, and a sale of the property by him is void.

2.—Same—Surprise—Withdrawing Announcement—Pleading.

Surprise of defendant, claiming under the sale by the substitute trustee, at the testimony of the trustee to the effect that he had never declined to act and had never been requested to sell the land, did not warrant a withdrawal of announcement of ready and continuance of the case in order to meet such testimony, since defendant was charged by law with the knowledge that he would be required to prove a strict compliance with the terms of the deed of trust as against plaintiff claiming under an adverse deed from the grantor in the trust deed; and it did not aid defendant's case in this respect that plaintiff had alleged a common source of title and by his pleadings attacked the deed of trust for fraud, without assailing the deed of the substitute trustee thereunder as being invalid because of such appointment, thereby leading defendant to believe that no attack would be made on that ground.

3.—Same—Trespass to Try Title—Special Pleading.

The fact that plaintiff, suing in trespass to try title, had specially pleaded fraud in the execution of the trust deed under which defendant claimed, did not preclude him from an attack on any link in the chain of defendant's title, and the rule which confines the plaintiff in such an action to proof of the title pleaded by him has no application to the case here.

4.—Same—Ratification of Appointment.

That the grantor in the deed of trust had, after the execution by him of the adverse deed under which plaintiff claimed, agreed to the appointment of the substitute trustee, could not affect the question of the legality of such appointment.

Appeal from the District Court of Cass. Tried below before Hon. J. M. Talbot.

*Figures & Pruitt* and *W. P. McLean,* for appellant.

*Geo. T. Todd,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, instituted by W. T. Williams, executor of the estate of W. J. Williams, against C. W. Connery and Helen Smith, to recover a certain tract of land in Cass County. Connery disclaimed any interest in the land and was dismissed from the suit. By what is styled "Plaintiff's additional petition" appellant John M. Bemis was made a defendant in the case, and he answered by general demurrer and plea of not guilty. Helen D. Smith filed an answer in which she alleged that the 282 acres of land claimed by her out of the tract of land sued for are not included in the deeds under which the executor and appellant claim, but are specially excluded therefrom, and prayed that she be quieted in her title. In a

supplemental petition the executor pleaded that a trust deed mentioned in an abstract of title filed by appellant was fraudulent and void as to creditors, and especially as to the testator. Exceptions to this pleading were filed by appellant, but what action was taken thereon does not authoritatively appear in the record, although in a trial amendment filed by the executor it is stated that certain special exceptions to the supplemental petition were sustained by the court. In the trial amendment filed by the executor it was alleged that his testator was a bona fide purchaser of the land for a valuable consideration from John T. Smith, who executed the trust deed through which appellant claims, and that appellant bought with full notice of Smith's deed. The court instructed the jury to return a verdict in favor of Helen D. Smith for the land claimed by her, and in favor of the executor and against appellant for the remaining land. There is no contest as to the judgment in favor of Helen D. Smith.

John T. Smith was the common source, and the executor proved a conveyance of the land by him to the testator. Appellant claimed the land through a deed of trust given by Smith to E. W. Taylor, but failed to show any sale of the land under the deed of trust by the original trustee or any legally appointed substitute trustee. John T. Smith is dead. As a muniment of his title appellant introduced in evidence a deed of trust dated May 26, 1887, on the land in controversy, executed by J. T. Smith and W. T. Armistead, trustee, to secure E. W. Taylor in the payment of a note for $2500. In the deed of trust it was provided, "that in case of the failure or default in the payment of said promissory note at maturity the said W. T. Armistead is by these presents fully authorized and empowered to, and it is made his special duty at the request of the said E. W. Taylor at any time made after the maturity of said promissory note, to sell the above described premises and tracts and lots of land," etc., and "that should the said W. T. Armistead, from any cause whatever, fail or refuse to act or become disqualified from acting as such trustee, then the said E. W. Taylor shall have full power to appoint a substitute in writing who shall have the same powers as are hereby delegated to the said W. T. Armistead." The court excluded a deed made by R. R. Taylor, substitute trustee, after hearing evidence to the effect that the original trustee had not been requested to sell the land, and had at all times been ready and willing to execute the trust. This action of the court is complained of by appellant.

It is the unbroken rule that a power of sale given in a deed or mortgage must be strictly followed in all its details. The authority to alienate and convey the property of another is an extraordinary and most important grant of power, so much so that courts governed by the common law for a long time viewed such grants with suspicion, and although they increased in number until they are in universal use in England and America, the strictness required in their execution has never been relaxed, and even in minor and seemingly unimportant de-

tails contained in such grants of power no change will be tolerated, but a strict and literal compliance therewith is demanded. The trust must be executed in the mode and upon the exact terms and conditions prescribed in the deed of trust. If the property is to be sold in a certain place, at a certain time, or in a certain manner, as at private sale or public auction, with the consent or at the request of certain persons, these details must be literally followed and carried out, because the owner of the property has so provided. The details may appear frivolous and unimportant, but the maker of the deed saw proper to guard and protect his property by means of them, and from that reason they become important and essential.

In this case the power of sale vested in the trustee remained dormant and inactive until called into action by the request of the beneficiary. Until that request was made he had no power to act, and without that request there could not be a failure or refusal on his part to perform the powers given him by the deed of trust. Speaking on this subject in the case of Boone v. Miller, 86 Texas, 74, the Supreme Court said: "The power of sale in a deed of trust is an important power, granted by the maker, and he has the right to place upon it such limitations and conditions as he may deem proper for his own protection. When the exercise of a power is made to depend upon the direction or request of a given person, then the direction or request of that person must be given in order to authorize the exercise of the power." Under the testimony in the record W. T. Armistead was never requested to sell the land, and for that reason did not execute the power placed in his hands by the deed of trust.

The case of Bracken v. Bounds, 71 S. W. Rep., 547, is strikingly similar to one now under consideration, and the opinion therein is decidedly in point. This suit was one of trespass to try title, the plaintiff claiming through a deed of trust containing language as to a substitute trustee similar to, if not identical with, that in this case. The beneficiary, without requesting the trustee to sell, appointed his brother substitute trustee, and he sold the land. The original trustee was informed that a substitute was to be appointed and he agreed to the appointment. The trial court instructed a verdict for the plaintiff, which was affirmed by the Court of Civil Appeals of the Fifth District. The Supreme Court, in reversing and rendering for defendant, said: "The evidence which we have stated shows plainly not only that Bounds never requested Allen to sell, but also that he requested and induced him not to do so. By the deed of trust, which created all the rights and powers of Bounds and the trustee over the land, Allen was selected as the person to make the sale, and the appointment of another in his stead was authorized only in case of his failure, refusal or disqualification to act. No sale could be legally made, except in accordance with these provisions."

The trustee in a deed of trust is the agent of both parties, appointed by and with their consent, and there can be substitution of a trustee

except through the consent of the parties in some way expressed. It is often the case, as in this, that the maker of the deed vests the power of substitution in the beneficiary under certain express conditions. For the proper exercise of the power of substitution the conditions must clearly and unequivocally arise. In this case the exercise of the power of substitution was granted in case the trustee failed or refused to act, or should become disqualified from acting. Without the happening of one of those contingencies the power of substitution did not exist and an attempt to exercise it was without authority, and the acts of a substitute so appointed were null and void. Cheveral v. McCormick, 58 Texas, 440.

Armistead swore, and he was not contradicted, that he was never requested to execute the trust, and consequently never refused to execute it. As said by the Supreme Court in the case of Chestnutt v. Gann, 76 Texas, 150: "Until he refused to act in the performance of his duties as trustee, there was no power in anyone to appoint a substitute, and defendant's appointment of Borden conferred no power on him to make the sale, even if defendant had been the exclusive owner of the debt to secure the payment of which the deed of trust was given." In the case of Vaughan v. Bailey, 11 Texas Civ. App., 34, the last case cited was followed, and the court held: "But as the court's findings show that no demand was made on the original trustee to act, that he was not under disability, and did not refuse to act, we are not prepared to say that the court erred in holding that appellant had no power to appoint a substitute trustee." It follows that the deed of conveyance executed by R. R. Taylor as substitute trustee was null and void.

It is contended by appellant that the court erred in overruling his application to withdraw his announcement of ready for trial and in refusing a continuance of the cause in order that he might be prepared to meet the testimony of W. T. Armistead to the effect that he was not disqualified from acting as trustee, and that he had never been requested to sell the land as provided in the trust deed. Appellant claims that he was surprised at the testimony of Armistead because the executor had pleaded that he held title to the land through a deed executed by John T. Smith on February 1, 1889, and that he had specially pleaded that appellant's title was invalid by reason of fraud in the execution of the deed of trust, but that the regularity of the deed made by the substitute trustee had not been assailed or questioned, and that appellant was thereby led to believe that the written appointment of the substitute trustee would be sufficient evidence of his power to act.

It is undoubtedly true, as contended by appellant, that if the executor pleaded his title as coming through a deed executed by John T. Smith on a certain date that he must be confined to proof of the title pleaded, but it can not be reasonably contended, because he has pleaded such title, that he is thereby precluded from attacking and breaking down any link in the title upon which appellant sought to recover. The basis for the rule which confines a party to the title pleaded is that he has

excluded every other title by claiming to rely on the one definitely pleaded. There was no attempt on the part of the executor to prove any other title than the one claimed through a deed from John T. Smith, his only effort being to break down and destroy the title offered by appellant.

Neither do we think that the special plea of fraud in the execution of the trust deed on the part of the executor precluded him from an attack on any link in the chain of the appellant's title. In the case of Murphy v. Reynaud, 2 Texas Civ. App., 470, the plaintiff attacked one of the deeds in the defendant's chain of title as a forgery, and the trial court confined her attacks on the deed to that issue alone. The appellate court said: "The pleader is not there setting out specially his own title, but is attacking that of his adversary, by the allegation of a fact which he evidently supposed must be supported by affidavit, and therefore must be specially pleaded. This opinion may have been erroneous, but it is nevertheless true, that there is no purpose shown to restrict the issues to the question of the genuineness of the signature to the deed. The rule which confines a plaintiff in this action to proof of a title specially pleaded has no application."

There is no merit in the contention of appellant that he was surprised at the attack made on the deed of the substitute trustee. Appellant was charged with the knowledge that he would be required to prove a strict compliance with the terms of the deed of trust in order to obtain a perfect title thereunder, and that in order to sustain a deed made by a substitute trustee he would be called upon to prove that a request to execute the trust had been made to the original trustee and that he had failed or refused to do so, or that he had become disqualified from so doing. A mistake as to the law, or a misapprehension of it, does not constitute such surprise as to warrant a continuance of the cause. Phillips v. Wheeler, 10 Texas, 536; Beauchamp v. Railway, 56 Texas, 239.

There is no testimony that tends to show that John T. Smith in any way agreed to or authorized the appointment of R. R. Taylor as substitute trustee. The deed made by J. T. Smith to the testator, Williams, was dated February 1, 1889, and any agreements made by him after the land was sold by the substitute trustee, in April, 1889, could not affect the question of the legality of the appointment of the substitute. His ratification of such appointment long after the sale of the land could not affect the interests of his vendee.

Under the facts in evidence no other verdict than that rendered was permissible, and the trial court did not err in instructing a verdict for the executor.

The judgment is affirmed.

*Affirmed.*