S. E. DAVIS v. LOUISA HUGHES ET AL.

Decided March 15, 1905.

**1.—Trespass to Try Title—Pleading—Withdrawing Special Plea.**

A ruling that defendant, in trespass to try title, waived his plea of not guilty by a plea that he was an innocent purchaser, was not detrimental to defendant where he withdrew his plea of innocent purchaser and was allowed to prove all he desired to prove on that subject under his plea of not guilty.

**2.—Trustee's Sale—Substitute Trustee—Request to Sell—Innocent Purchaser.**

Under a deed of trust appointing a trustee and alternate trustee, and providing that in case these should die, or from some other cause should fail to act, then the legal holder of the notes, to secure which the deed of trust was given, should have the right to appoint a substitute trustee, with power to sell, the appointment of such substitute trustee, and sale by him, without any request being made of the principal or alternate trustee, was void; and the plea of innocent purchaser was no defense to an action by the owner to set aside the sale.

**3.—Same—Alternate Trustee.**

The right of an alternate trustee to make sale being conditioned on the refusal or inability of the principal trustee, a demand on such substitute to make the sale where there had been no refusal by the principal trustee was not warranted by the power, and his refusal to act did not authorize the appointment of a substitute trustee.

Appeal from the District Court of Victoria. Tried below before Hon. James C. Wilson.

*W. F. Hays*, for appellant, on the question of the validity of the appointment and action of the substitute trustee, cited Fuller v. O'Neill, 67 Texas, 350; Shelton v. Wade, 14 Texas, 52; Jones v. McMahan, 30 Texas, 734; Insurance Co. v. Levy, 12 Texas Civ. App., 45 (33 S. W., 992); Luter v. Hunter, 30 Texas, 696.

*Dupree & Pool*, for appellees.—The appointment of the substitute trustee was unauthorized and the sale by him void. Bemis v. Williams, 74 S. W. Rep., 332; Ward v. Forester, 80 S. W. Rep., 127; Bracken v. Bounds, 71 S. W. Rep., 547.

FLY, Associate Justice.—This is an action of trespass to try title to lot 2 in block 16 of Linn's survey, north of and adjoining the town of Victoria, instituted by appellees, Louisa Hughes for herself, and as next friend of her minor child, Elizabeth Johnson, against H. C. Adler and appellant. Adler, who was a tenant of Davis, disclaimed any interest in the land. Appellant answered by plea of not guilty and that he was an innocent purchaser, in good faith and without notice, of the land in controversy. The cause was tried by jury and resulted in a verdict and judgment for appellees.

The facts are that the land was sold to Louisa Hughes, then Johnson, and her husband Jack Johnson, in March 1886, and they made it their homestead until his death which occurred in 1892. Louisa Hughes then married Ben Hughes and lived on the land until she went to Houston about 1901. Upon the death of her mother in March, 1902, she gave Frierson, an undertaker, two promissory notes and a deed of trust on the land to secure the expenses of a funeral. F. W. Gross was appointed principal trustee, and Theo. Baughman alternate trustee. Without requesting Gross to sell the premises, Frierson appointed W. W. Hays substitute trustee and he sold the land on February 3, 1903, at the court house door in the town and county of Victoria. Appellant was the purchaser. The other facts, necessary to a full comprehension of the case, appear in other parts of this opinion.

The first assignment of error complains of a ruling of the court to the effect that appellant waived his plea of not guilty by a plea that he was an innocent purchaser for value of the premises in controversy. The action of the court could not have been detrimental to appellant for the reason that he withdrew his plea of innocent purchaser and was allowed to prove all that he desired to prove on that subject under his plea of not guilty. The issue as to whether he was an innocent purchaser was submitted to the jury.

The second assignment presents error in the trial court in refusing to allow proof of abandonment of the homestead by appellee Louisa Hughes, but there is nothing in the record that tends to show that any such ruling was made. From the fact that appellant was allowed to prove all he desired as to such abandonment it follows that no such ruling was made.

The questions as to whether the land in controversy was the separate estate of Louisa Hughes or the community property of herself and her deceased husband, Jack Hughes, or was or was not a homestead when the deed of trust was executed, were eliminated from the case, by the charge of the court, and proof of facts tending to show that Jack Johnson had never claimed the land but had sworn that it was his wife's property, and that Jack Johnson had no child, could not have had any bearing upon the case. Appellant claimed the land through a deed executed by Hays, a substitute trustee, and the court very properly instructed the jury that unless the original trustee had, according to the

terms of the deed of trust, been requested by the cestui que trust to sell the land and had refused so to do, that the beneficiary in the deed of trust had no authority to appoint a substitute trustee and a sale by the latter was null and void. This was the only pertinent issue raised by the evidence.

The court instructed the jury that appellees should recover unless it appeared from the evidence that the substitute trustee had the authority to sell the land and that the proper legal notice of the sale was given. If the jury found there was no legal sale of the land by Hays, it is clear that appellant would have no title. It is equally clear in that event that the defense of innocent purchaser could have no standing in the case.

The evidence in this case shows that it was provided in the deed of trust that "in case of the death, inability, refusal or failure from any cause, the said trustee shall fail or be unable to act, then Theo. Baughman, of Victoria, county of Victoria, in the State of Texas, is hereby constituted and appointed alternate trustee, who shall thereupon hold, possess and execute all the titles, rights, powers and duties conferred on said trustee." It was also provided: "And in the event the said trustee and alternate trustee should die, or from any cause shall fail or be unable to act in carrying out the provisions of this deed, then the legal holder of said notes shall, without other formality than an appointment and designation in writing, name, constitute and appoint a successor and substitute who shall thereupon hold, possess and execute all the title, rights, powers and duties herein conferred on said trustee named and whose conveyance to the purchaser shall be equally valid and effective." It is also provided in the deed of trust that in case of default in payment of the notes, F. W. Gross, trustee, or his successor for which provision was made as above indicated, "at the request of said J. M. Frierson or the legal holder of said notes," shall sell the premises to the highest bidder for cash "on the first Tuesday of some month between the hours of ten o'clock a. m. and four o'clock p. m. at public auction, first giving at least twenty-one days' notice of the time, place and terms of sale, by publishing a notice thereof for three successive weeks, prior to the day of sale, in some newspaper published in Victoria County and also by posting at three public places in said county, one of which shall be the courthouse door of said county, for not less than twenty days next prior to the day of the sale, notices of the time, place and terms of sale," etc. No request was made to the trustee, F. W. Gross, and he did not fail or refuse to act as trustee. Neither was request made by Frierson of Theo. Baughman to act, in writing or otherwise, although Baughman swore that Mason, who prepared the deed of trust for Frierson, verbally requested him to sell the land and that he refused. The first notice was published about twenty-four days before the sale but it gave an imperfect description of the land. The land was sold by a substitute trustee W. F. Hays, who was appointed by Frierson.

It is an elementary rule that the power of sale conferred upon trustees must be strictly followed, or no title will pass by their deeds. The trustee named in the deed of trust, represents both parties to the instrument, and has no powers except those named in the instrument.

Where it is provided in a deed of trust that a beneficiary may substitute another trustee, in case the trustee named in the deed fails or refuses to execute it, a sale made by a substituted trustee, where the original trustee has never been asked to make the sale, is invalid, since the trustee could not be said to fail to act until he had been requested so to do and had not done so.   Chestnutt v. Gann, 76 Texas, 150; Bracken v. Bounds, 96 Texas, 200; Vaughan v. Bailey, 11 Texas Civ. App., 34; Bemis v. Williams, 32 Texas Civ. App., 393, 74 S. W. Rep., 332; Ward v. Forester (Texas Civ. App.), 80 S. W. Rep., 127.

The questions involved in this case were discussed, by this court, in the case of Bemis v. Williams above cited, and it was said: "The trustee in a deed of trust is the agent of both parties, appointed by and with their consent, and there can be no substitution of a trustee except through the consent of the parties in some way expressed.   It is often the case, as in this, that the maker of the deed vests the power of substitution in the beneficiary under certain express conditions.   For the proper exercise of the power of substitution, the conditions must clearly and unequivocally arise.   In this case the exercise of the power of substitution was granted in case the trustee failed or refused to act, or should become disqualified from acting.   Without the happening of one of these contingencies, the power of substitution did not exist and an attempt to exercise it was without authority, and the acts of a substitute so appointed were null and void."·

In this case the power of the alternate trustee did not arise until the principal trustee had failed or refused or become disqualified to act, when requested by the beneficiary to act.   The right to appoint the substitute did not arise until both the principal and alternate trustees had failed or refused to act, or had become disqualified from acting. The proof was positive and uncontroverted, that the principal trustee was never requested to sell the land and consequently did not refuse to act.   He stated that he did not act because not requested so to do.

Under the facts of this case the trial court would have been justified in instructing a verdict for appellees.   It follows that any errors in the charge would be immaterial and no cause for reversal.

The judgment is affirmed.

*Affirmed.*