BOWMAN et al. v. OAKLEY et al.*
(No. 8982.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 8, 1919. Rehearing Denied April 5, 1919.)

1. MORTGAGES ⬅➡333—DEED OF TRUST—SALE BY SUBSTITUTE TRUSTEE—REQUEST OF BENEFICIARY.

Where a trustee under deeds of trust or his substitute was authorized by the deeds to sell the property only at the request of the beneficiary or other holder of the notes secured, the request provided for was essential to passing of title by the substitute trustee.

2. EVIDENCE ⬅➡318(1), 383(7)—HEARSAY—SALE BY TRUSTEE—AUTHORIZATION—RECITALS IN DEEDS OF TRUST.

Despite provision of deeds of trust that any recitals of certain character in any deeds made by any trustee should be prima facie evidence, recitals of deeds executed by substitute trustee that beneficiary or holder of notes secured had requested trustee to sell the land, which request was necessary to authorize the trustee to sell, *held* unauthorized by the deeds, and no evidence of the fact of request, being mere hearsay as to the beneficiaries.

3. EVIDENCE ⬅➡383(7)—DEEDS OF TRUST—PROVISION AS TO RECITALS OF DEEDS OF TRUST—CONCLUSIVENESS.

Where the recitals of deeds executed by a trustee under deeds of trust by a provision of the deeds of trust constituted merely prima facie evidence, the power of the courts to ascertain the real truth, when necessary to determination of rights in litigation, was not taken away.

4. MORTGAGES ⬅➡372(1)—DEEDS OF TRUST—SALE BY SUBSTITUTE TRUSTEE—VOID CHARACTER.

Where the purchasers of land from a substitute trustee under deeds of trust by his deed were not relieved from necessity of inquiring into and ascertaining whether the trustee had been empowered to sell by having been requested so to do by the beneficiary or holder of the notes secured, having made no inquiry, the purchasers assumed the trustee had power at their peril, and where he was without power his sale was void.

5. MORTGAGES ⬅➡372(1)—DEEDS OF TRUST—SALE BY TRUSTEE—BONA FIDE PURCHASERS.

Where the substitute trustee under deeds of trust sold the land without authority because not on request of the beneficiary or holder of the notes secured, the purchasers are not protected as bona fide purchasers of the legal title, for the rule of bona fide purchasers applies only to cases of purchase from a holder of the legal title who has power to convey.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by J. C. Oakley and another against Lloyd Bowman and others. From judgment for plaintiffs, defendants Bowman and another appeal. Affirmed.

Theodore Mack and Slay, Simon & Smith, all of Ft. Worth, for appellants.

B. K. Goree, of Ft. Worth, and Preston Martin and H. C. Shropshire, both of Weatherford, for appellees.

CONNER, C. J. In so far as we deem it necessary to state, in 1909 one Miller and wife conveyed three tracts of land described in the plaintiffs' petition, and secured the payment of one note given therefor in a principal sum of $1,000, by a trust deed in due form to Thomas D. Ross, trustee. Later, in 1910, Seyster and wife, who in the meantime had become the owners, executed a deed of trust to Thomas D. Ross, trustee, conveying the fourth tract of land described in the petition to secure the payment of a note in the sum of $800. The two notes mentioned, in due course, became the property of one Ernest Walker who was the owner at the date of the sales hereinafter mentioned under the trust deeds made to Thomas D. Ross. Yet later, in 1914, Seyster and wife conveyed the four tracts of land referred to in consideration, among other things, of six promissory notes, the first five being in the sum of $1,000 each and the last being in the sum of $900. These notes were secured by vendor's lien upon the four tracts of land. The trust deeds, however, had been duly recorded and

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused, October 22, 1919.

the vendor's lien, reserved by Seyster and wife, was subordinate to the lien of the trust deeds. The six second lien notes, last mentioned, in due course became the property of J. C. Oakley and Mrs. Willie L. Flinn, the appellees in this case. On November 23, 1915, in due course the four tracts of land mentioned were conveyed to R. E. Logan, subject to the incumbrances and liens hereinbefore mentioned. While the lands and liens were in the condition named, and while R. E. Logan was yet the owner of the equity of redemption, Thomas D. Ross, the trustee named, refused to act, and a substitute was appointed, who, on May 2, 1916, sold the four tracts of land mentioned to Pattie & Horton Land Company, which, in the purchase, acted for R. E. Logan, and which, on the following day, to wit, May 3, 1916, without consideration, conveyed the same to Mrs. Abbie Logan, wife of R. E. Logan. Thereafter, on June 20, 1916, Abbie Logan, joined by her husband, conveyed the four tracts of land to R. C. Sweeney and wife, who, in turn, on July 22, 1916, conveyed the lands to Lloyd Bowman.

This suit was instituted by the said J. C. Oakley and Mrs. Willie Flinn, to recover upon the six second lien notes owned by them, and hereinbefore described, alleging, among other things not necessary to mention, that the sales under the Thomas D. Ross trust deed had been fraudulently induced and secured by R. E. Logan, with the purpose to thus extinguish the vendor's lien which had been given to secure the notes declared upon, of all which it was alleged R. C. Sweeney and Lloyd Bowman had due notice.

The case was submitted to a jury upon special issues, and upon the verdict the court rendered a judgment for the plaintiffs, decreeing a sale of the land, adjusting certain equities not necessary to notice, etc., and from this judgment the defendants R. C. Sweeney and Lloyd Bowman alone have appealed.

While a number of questions are presented we have concluded to dispose of the case by a determination of a single one; a statement of many details and of other questions having been pretermitted as unnecessary to our conclusion.

The jury found that Ernest Walker did not request either Thomas D. Ross or the substitute trustee in the deeds of trust to sell thereunder in satisfaction of the notes and indebtedness held by Walker, and that he did not, before or at the time of the sale made by the substitute trustee, by word or act, agree to or acquiesce in said trustee making such sale as he did make it. The jury further found that the sales of the land by the substitute trustee were made at the instance and request of R. E. Logan, and that R. E. Logan caused such sales of the land for the purpose of destroying the second lien held by the plaintiffs, and of acquiring the title to be passed by the foreclosure of the first lien in the protection of the title to which he, Logan, then had in said land. The jury further found that neither Sweeney nor Bowman at the time of their acquisition of the property was an innocent purchaser for value, without notice, as defined in the court's charge.

The controlling question, presented in various forms, is whether either Sweeney or Bowman was an innocent purchaser for value, without notice, of the lands upon which plaintiffs' second lien rested. While the jury found that neither was such a purchaser, no evidence is pointed out, and we have found none, sufficient to establish that either Sweeney or Bowman had any actual notice of the plaintiffs' right, and to this extent it may be said that the findings of the jury to the contrary are not supported by the evidence. We think, however, that it must be held that neither of those parties appear to be in the attitude of an innocent purchaser as claimed by them. In the registration records and in the muniments of title, under and through which Sweeney and Bowman claimed, were full recitals of the notes and liens under which the plaintiffs claimed, and we are unable to say that the finding of the jury to the effect that Ernest Walker, the owner of the prior lien and beneficiary in the deed of trust lien, neither agreed to nor requested the sale of the lands in controversy, is unsupported by the evidence in the case. Among other things, Ernest Walker testified on this point as follows:

"I did not request Mr. Clyde Milliken, as trustee, to foreclose and sell under these notes. I did not pay any taxes on the property after I acquired the notes in controversy. I did not make any demand of interest of anybody. I did not make any request of any kind that the property be sold. I did not know anything about the condition of the property at the time of the sale. I never did go on the property. I did not know where the property was, and I did not know that it had a silo on it. I did not request the sale to be made that was made in June, and that was advertised in May. I did not have a thing to do with the foreclosure under these deeds of trust and notes that were transferred to me. I had no agent or any one representing me in the matter of the sale of this property."

[1] As provided in the trust deeds after default of the conditions therein named, assuming that there was a default, the trustee, Thomas D. Ross, or his substitute, was authorized and empowered to sell the property only "at the request of said beneficiary or other holder of said notes." The request provided for was essential to the passing of the title by the substitute trustee. In Perry on Trusts (3d Ed.) § 602, it is said:

"It must be constantly borne in mind that the power in the deed or mortgage must be strictly

followed in all its details. The power of transferring the property of one man to another must be followed strictly, literally, and precisely. Such a power admits of no substitution and of no equivalent, even in unimportant details. If the power contains the details, the parties have made them important; and no change can be made even if the mortgagor would be benefited thereby, nor if a statute provides a different manner. If the power is not executed as is given in all particulars, it is not executed at all, and the mortgagor still has his equity of redemption."

As supporting this quotation, we give the following from the case of Bemis v. Williams, 32 Tex. Civ. App. 393, 74 S. W. 332:

"It is the unbroken rule that a power of sale given in a deed or mortgage must be strictly followed in all its details. The authority to alienate and convey the property of another is an extraordinary and most important grant of power—so much so that courts governed by the common law for a long time viewed such grants with suspicion, and, although they increased in numbers until they are in universal use in England and America, the strictness required in their execution has never been relaxed; and, even in minor and seemingly unimportant details contained in such grants of power, no change will be tolerated, but a strict and literal compliance therewith is demanded. The trust must be executed in the mode and upon the exact terms and conditions prescribed in the deed of trust. If the property is to be sold in a certain place at a certain time, or in a certain manner, as at private sale or public auction, with the consent or at the request of certain persons, these details must be literally followed and carried out, because the owner of the property has so provided. The details may appear frivolous and unimportant, but the maker of the deed saw proper to guard and protect his property by means of them, and for that reason they become important and essential. In this case the power of sale vested in the trustee remained dormant and inactive until called into action by the request of the beneficiary. Until that request was made, he had no power to act, and without that request there could not be a failure or refusal on his part to perform the powers given him by the deed of trust."

On the same subject it was said by our Supreme Court in the case of Boone v. Miller, 86 Tex. 74, 23 S. W. 574:

"The power of sale in a deed of trust is an important power, granted by the maker, and he has the right to place upon it such limitations and conditions as he may deem proper for his own protection. When the exercise of a power is made to depend upon the direction or request of a given person, then the direction or request of that person must be given in order to authorize the exercise of the power."

Also in the case of Boone v. Miller, supra, it was held by our Supreme Court that where a deed of trust authorized a sale of the land, at the request of the payee named in the deed of trust, the sale by a trustee under such power was void when made at the request of any other party. See also, Bomar v. West, 87 Tex. 299, 28 S. W. 519; Michael v. Crawford, 108 Tex. 352, 193 S. W. 1070; Crosby v. Huston, 1 Tex. 203; Bracken v. Bounds, 96 Tex. 200, 71 S. W. 547; Cheveral v. McCormick, 58 Tex. 440; Chestnutt v. Gann, 76 Tex. 150,, 13 S. W. 274; Davis v. Hughes, 38 Tex. Civ. App. 473, 85 S. W. 1161; Rawlings v. Lewis, 191 S. W. 784; Kelsay v. Bank, 166 Mo. 157, 65 S. W. 1007.

It follows, we think, that the potential power to sell given in the trust deeds was never brought into existence, and that the sales, under consideration, made by the substitute trustee, were wholly void because of the failure on the part of the holder of the notes to request the trustee to sell. It is insisted, however, in behalf of Sweeney and Bowman, that as to them the request of the beneficiary, Walker, to the trustee to sell is supplied by recitals in the trustee deeds. The trust deeds to the Pattie & Horton Land Company do, in substance, recite that Ernest Walker had requested the substitute trustee to sell. It is apparent, of course, that such recital by the substitute trustee is a mere declaration on his part, and as to appellees purely hearsay, unless it can be said that the trust deeds under which the trustee acted authorized the recital. The deeds of trust on this subject has the following provision:

"And it is further and lastly specially agreed by the parties hereto that in any deed or deeds given by any trustee hereunder, any and all statements .of facts or other recitals therein made as to the nonpayment of the money secured or as to the time, place, terms of sale and property to be sold having been duly published or as to any other act or thing having been duly done, by any trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals of facts do state facts, and are, without question to be accepted."

[2] While it has been held that a purchaser in good faith and for value, and without actual notice, may rely upon recitals in the trustee's deed when such recitals are authorized by the terms of the trust deed under which the trustee acts, yet it must be held, we think, that before the semblance of absolute verity can be given to such ex parte declaration it should clearly appear that the party, whose right it is sought to thereby destroy, authorized the trustee to make 'the statement or recital. In the quotation from the trust deed, above given, we do not find that the grantor therein gave to the trustee the right to recite, as a fact, the necessary request to make a sale. A scrutiny of the quotation from the deed of trust shows that the trustee was authorized to recite the nonpayment of the money secured, or as to the

time, place, terms of sale and property to be sold having been duly published, or as to any other act or thing having been duly done by the trustee. We hardly think it should be said that the trust deed, under consideration, authorized the trustee by a recital to supply the essential element in his power of a request on the part of the beneficiary to make the sale. A very similar provision of a trust deed received a like restricted construction in the case of Bemis v. Williams by the Austin Court of Appeals, reported in 32 Tex. Civ. App. 393, 74 S. W. 332.

[3, 4] Moreover, it is perhaps not entirely inapt to observe that in no view of the case did the maker of the trust deed do more than to authorize recitals on the part of the trustee to be accepted as prima facie evidence. They were not made conclusive. As the recitals constitute but prima facie evidence, the power of the courts to ascertain the real truth, when necessary to the determination of the right of the litigant, was not taken away. In such case the recital could only bind the maker or beneficiary under the trust deed on the theory that, having authorized the recital, he would be estopped to disclaim its truth, and the appellants in this case presented no plea of estoppel, except, if at all, in so far as it may be said to be embodied in their general plea of a purchase in good faith which, aside from averments appropriate to that defense, is but a legal conclusion and not a statement of any fact necessary in a plea of estoppel which should always be specially presented. We conclude, therefore, that the appellants were not by the substitute trustee's deed relieved from the necessity, at the time of their purchase, of inquiring into and ascertaining whether, in fact, the substitute trustee had been empowered to make the sale by having been requested so to do. But, the appellants having made no inquiry upon this point, as shown in the record, they assumed that the trustee has such power at their peril and it appearing, as has already been shown, that the trustee was without power, his sale was void.

[5] Such being the state of appellants' title they are in no attitude to receive relief on the ground of being bona fide purchaser without notice. The general rule is thus stated in 39 Cyc. 1892:

"The rule which protects the bona fide purchaser of the legal title, for value, without notice of the equitable title of another, applies only to cases of purchase from a holder of the legal title who has power to convey. Therefore if a deed is void for want of legal capacity in the vendor to convey, want of notice in a purchaser from the purchaser is no defense. A purchaser under a power purchases at his peril, and if there is no subsisting power or authority to sell, no title is acquired by the purchaser."

In the case of Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815, it was held that the defense of an innocent purchaser does not apply to the purchase of the legal title from the holder who was without power to convey it. Of like effect are the following cases: Hennessey v. Blair, 107 Tex. 39, 173 S. W. 871, Ann. Cas. 1918C, 474; Terry v. Cutler, 14 Tex. Civ. App. 520, 39 S. W. 152; Wall. v. Lubbock, 52 Tex. Civ. App. 405, 118 S. W. 886; Green v. Hugo, 81 Tex. 452, 17 S. W. 79, 26 Am. St. Rep. 824; Waggoner v. Dodson, 96 Tex. 422, 73 S. W. 517; King v. Diffey, 192 S. W. 262; Vanhoose v. Fairchild, 145 Ky. 700, 141 S. W. 75; Pearce v. Heyman, 158 S. W. 242, and other cases that might be cited.

Regardless of other questions, therefore, we conclude that the judgment below should be affirmed.