**CLARK et al. v. RICHARDSON. (No. 2654.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1922.)

**1. Mortgages ⬤⟲342—Power to appoint substitute trustee can be exercised only when contingency specified in deed has happened.**

Power conferred in a deed of trust to appoint a substitute for the trustee named therein can be exercised only when the contingency specified in the deed has happened.

**2. Mortgages ⬤⟲369(7)—Title to property held in trust held not to have passed by deed from substitute trustee appointed after trustee's failure to sell.**

Evidence *held* sufficient to show that the trustee named in a trust deed, which provided that, if he failed or refused or was unable or disqualified to act thereunder, the holder of a note secured thereby might appoint a substitute, did not refuse to sell the property, as required by the deed at the note holder's request on default in payment of the indebtedness secured, but that he failed to act because he was never requested to do so, and hence, in the absence of testimony that he was unable or disqualified to act, that the deed executed by the substitute trustee did not pass title to the note holder, which purchased the property.

**3. Mortgages ⬤⟲319(3)—New note and trust deed held intended to cancel earlier ones so as to invalidate sale by trustee under original deed.**

Parties to a note and trust deed *held* to have intended that a renewal note and a new trust deed securing it should operate as a cancellation of the older ones so as to invalidate a sale of the property by the trustee under the earlier deed.

**4. Appeal and error ⬤⟲877(2)—Purchaser at void sale under trust deed cannot complain of failure to award half interest to party not appealing from or complaining of judgment.**

A purchaser at a void sale of property by a trustee under a trust deed cannot complain of a judgment awarding the entire property to grantor on the ground that the latter's deceased wife's daughter owned a half interest, where she did not appeal from the judgment or complain of it on the purchaser's appeal.

**5. Mortgages ⬤⟲369(8) — Judgment for rents against purchaser of property sold by trustee and against subsequent purchaser for more than rental value after replevin held unauthorized.**

In the absence of testimony other than that of one ousted from premises sold under a trust deed securing a note executed by him to the purchaser, that the latter ever had possession of the property or anything to do with the ouster, or that a subsequent purchaser from it was ever in possession until he replevied it, a judgment against them for the rents was unauthorized, so far as applicable to the former, and as respects any amount in excess of the rental value of the property from the time the replevy bond was made, as against the latter.

**6. Appeal and error ⬤⟲169—Contention not made in court below not considered on appeal.**

A contention not made in the court below will not be considered when presented for the first time on appeal.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Fayette Richardson against R. E. Clark and others. From a judgment for plaintiff, defendant Clark and others appeal. Reformed and affirmed in part, and reversed and rendered in part.

This was a suit by appellee against R. E. Clark, C. W. Luckey, H. D. Baldwin, and the Citizens' Building & Loan Association, a corporation. Appellee alleged that he was the owner of certain lots and premises in an addition to Texarkana, and with his wife was using and occupying same as their homestead in February, 1919, when the parties named ousted him from the possession thereof, which possession they thereafter unlawfully retained. He further alleged that before said ouster occurred said building and loan association had had said land and premises sold under a deed of trust and at the sale had purchased the property; that the sale was void; and that said association and the other parties named had entered into collusion and a conspiracy to defraud him "out of said land and premises." His prayer was for a judgment quieting his title and awarding him a recovery of the property and the rental value thereof while he was dispossessed.

It appeared from testimony heard at the trial that appellee owned the property December 23, 1914, when he conveyed it in trust to E. L. King to secure $500 of the purchase money thereof, which he owed the building and loan association. By the terms of the trust deed, if default was made in the payment of the indebtedness it secured, the trustee, at the request of the holder of the note, was to sell the property at public auction. The instrument contained a provision that if King should "fail or refuse, be unable or disqualified from acting" thereunder, the building and loan association might in writing appoint a substitute for him as trustee. By a writing dated December 12, 1918, reciting that King had refused to execute the trust, the building and loan association appointed

one Eddins as a substitute for King as trustee. After giving notice, Eddins as such substitute trustee sold the property at public outcry. The building and loan association was the purchaser (for $50) at the sale, and Eddins by a deed as such trustee dated December 7, 1918 (when doubtless it should have been January 7, 1919), undertook to convey the property to the building and loan association. The defendants offered as evidence, but the court excluded it, a deed dated January 27, 1919, by which said association purported to convey the property to said R. E. Clark, who by a deed dated October 20, 1919, undertook to convey it to said H. D. Baldwin, who by a deed of the same date undertook to convey it to said C. W. Luckey. In July, 1919, Baldwin, who said, appellee testified, "he was working for Mr. Andrew Rose, for the Citizens' Building & Loan Assocation," took forcible possession of the premises, excluding appellee therefrom, and, it seems, thereafter, either for himself, or for Clark, or the building and loan association with Luckey, retained the possession thereof until December 17, 1919, when appellee had the sheriff take possession by virtue of a writ of sequestration which he (appellee) had sued out. A short time thereafter, to wit, on December 31, 1919, said Clark, Luckey, and Baldwin obtained possession of the property by means of a replevy bond with Sam Hardin and H. F. Herrington as sureties, which they made and delivered to the sheriff. The judgment awarded appellee a recovery of the property as against Clark, Luckey, Baldwin, and the building and loan association, and of $570 as rents thereof, and a recovery against Hardin and Herrington as sureties on the replevy bond of $450 as the rental value of the property from the time the replevy bond was made; and awarded the building and loan association, on its cross-action against appellee, a recovery of $1,011.27 as the amount of his indebtedness to it, and a foreclosure as against appellee and Essie Kizer of the lien asserted by the building and loan association against the property. It was provided in the judgment that the recovery awarded appellee against the building and loan association should be set off against the amount awarded said association, and that the judgment in favor of said association should be enforced only for the amount thereof remaining after the sum awarded appellee against it was deducted therefrom. The appeal is prosecuted by Hardin and Herrington, the sureties on the replevy bond, and Clark and the building and loan association.

E. L. Lincoln, of Texarkana, for appellants.
J. Q. Mahaffey, Wheeler & Robison and Keeney & Dalby, all of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] Appellants insist, and we agree, that the judgment is wrong so far as it is in appellee's favor if the effect of the deed by Eddins as substitute trustee was to pass the title to the property to the building and loan association. But we think the testimony warranted the finding involved in the judgment that said deed did not have that effect. While the witness Rose, who, as secretary of the building and loan association, acted for it in the matter, testified that King, named as trustee in the deed of trust, refused to act as such, he further testified that he never requested King to sell the property; and King testified that he was never requested and never at any time refused to act as trustee. It is settled by decisions of courts in this state that the power conferred in a deed of trust to appoint a substitute for the trustee named therein can be exercised only when the contingency specified in the deed has happened. Bracken v. Bounds, 96 Tex. 200, 71 S. W. 547; Ward v. Forrester, 35 Tex. Civ. App. 319, 80 S. W. 127; Davis v. Hughes, 38 Tex. Civ. App. 473, 85 S. W. 1161; Bemis v. Williams, 32 Tex. Civ. App. 393, 74 S. W. 332; Vaughan v. Bailey, 11 Tex. Civ. App. 34, 31 S. W. 531; Chestnutt v. Gann, 76 Tex. 150, 13 S. W. 274. By the terms of the deed of trust in question, power to appoint a substitute for King was contingent on his failure, refusal, inability, or disqualification to act. There was no testimony tending to show he was unable or disqualified to act, and we think the trial court had a right to conclude from the testimony referred to above that he did not refuse to act, and that his failure to do so was due to the fact that he was never requested to act in the matter.

[3] And we think another reason why the trial court was justified in concluding that the trustee's deed did not devest appellee of the title to the property appears in the testimony showing that the building and loan association on July 27, 1918, had appellee to execute another note in lieu of the one secured by the deed of trust to King and to execute another deed of trust (in which W. R. Grim was named as trustee) on the property to secure the renewal note. With reference to the new note and trust deed, said witness Rose testified:

"I put the first deed of trust in the hands of Graham & Williams to foreclose some time prior to July, 1918, and some time in July, 1918, Fayette (appellee) came around, and I made arrangements not to foreclose and phoned them to stop it, and I renewed the note and took a new deed of trust to secure the renewed note."

From the testimony specified we think the trial court had a right to conclude that the parties intended the new note and trust deed to operate as a cancellation of the older ones. Of course, if the new note and trust deed had that effect, the sale by Eddins as trustee under the deed to King was void: It follows

from what has been said that we think the first, second, sixth, and eighth assignments of error should be overruled.

[4] It appeared from testimony the trial court heard that the property in controversy was conveyed to appellee December 23, 1914, when he was a single man. Later, but how much later does not appear, he married. His wife died June 5, 1919, leaving a child, Essie Kizer, surviving her. Appellants insist it therefore appeared that the property belonged to the community estate between appellee and his deceased wife, and that Essie Kizer as her only heir owned an undivided one-half interest in same. On that theory appellants insist, further, that as it appeared appellee owned only a one-half interest in the property, it was error to award him the recovery he obtained. But we think we need not determine whether it appeared that Essie Kizer should have been awarded a recovery jointly with appellee or not, for she did not appeal from the judgment and is not complaining of it here. If the judgment is erroneous in that respect, it is no concern of appellants, but is an error Essie Kizer alone could complain of.

[5] Another contention presented by the assignments is that judgment against appellants Clark and the building and loan association was unauthorized so far as it was for rents, because, appellants say, there was no evidence to support it in that respect. We think the contention should be sustained so far as it applies to the building and loan association and so far as it was against Clark for rents in excess of $450. It does not appear from any testimony we find in the record that Clark was ever in possession of the property or had any connection with it until he and Baldwin and Luckey replevied it, except that he contracted to purchase it from the building and loan association and thereafter undertook to convey it to Baldwin. And we have found no testimony in the record, except that of appellee, that Baldwin told him, when he ousted him from the premises, that "he was working for Mr. Andrew Rose, for the Citizens' Building & Loan Association," tending to show that the building and loan association ever had possession of the property, or anything to do with ousting appellee therefrom. We do not think the testimony of appellee referred to had any probative force. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. Rose testified, and was not contradicted, that Baldwin was never an employee of the building and loan association and was not in any sense representing it if and when he ousted appellee from the premises. So far as the testimony shows to the contrary, the only connection the building and loan association had with the matter consisted of its acts in having Eddins to sell the property as substitute trustee, purchas-

ing the property at such sale, and thereafter contracting with Clark to sell it to him.

[6] The contention that the judgment is excessive in that it awarded appellee a recovery of rents for the months of January and February, 1922, in the absence of testimony showing the rental value thereof for those months, has not been considered here, because it was not made in the court below but is presented for the first time in this court.

The judgment will be affirmed so far as it is against the building and loan association and Clark for the land in controversy and so far as it is in favor of appellee against Hardin and Herrington; it will be reformed so as to adjudge appellee recovery against Clark of only $450 as rents, instead of $570, and as so reformed will be affirmed against him; but it will be reversed so far as it awards appellee a recovery of rents against the building and loan association, and so far as it provides that such recovery shall be set off against that awarded said association against appellee, and judgment will be here rendered that appellee take nothing against the said association on account of rents he sued for. The judgment will not be disturbed in other respects.