## CHARLES BEAN v. CITY OF BROWNWOOD ET AL.

No. 667.—Decided May 9, 1898.

1. **Sheriff's Sale—Personal Notice to Owner.**

The failure to give personal notice to the owner of land of its sale under execution or order of sale as required by Rev. Stats., art. 2366, is a grave irregularity, depriving such owner, if he has not actual notice before the sale, of the rights secured to him, by that article, of having the sale advertised also in a newspaper, and by art. 2363, of having it surveyed and sold in parcels. (Pp. 687 to 690.)

2. **Same.**

Such omission, though not rendering the sale void, is sufficient ground for setting it aside in a proceeding for that purpose. (Pp. 689 to 690.)

**3. Same—Case Stated.**

A block of land, the homestead of the owner, but capable of division, was sold under a judgment of foreclosure of the lien for city taxes due thereon, without personal notice to the owner until it was offered at the sale, at which he was present. Though the inadequacy of price was found to be due, not to this omission, but to his own conduct at the sale, a motion to set aside the sale, duly made, in the court from which execution issued, making the city and the purchaser parties and tendering the amount paid thereon, should have been granted. (Pp. 686 to 691.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Brown County.

Bean appealed from a judgment of the District Court of Brown County denying his motion to set aside a sale of his homestead for taxes under its decree of foreclosure, and on affirmance of that judgment obtained writ of error.

*Goodwin & Grinnan,* for plaintiff in error.—The court erred in not vacating the sale of said Block No. 35, and in not canceling the deed to Mrs. Tabor, because the uncontradicted evidence showed, that Block No. 35 was the homestead of Charles Bean and wife and was susceptible of division, and that the unimproved portion was more than sufficient in value to have paid all taxes due on the whole, and that Charles Bean was not served with a copy of the notice of sale of said Block No. 35, and that had he been served with such notice he would have designated the unimproved portion of said block for sale to satisfy the taxes due on the whole. Rev. Stats., arts. 2366, 2367; Gordon v. Hickman, 9 S. W. Rep., 920; Cooley on Taxation, 343, 344; Morris v. Hastings, 70 Texas, 26; Corrigan v. Schmidt, 28 S. W. Rep., 874.

*T. C. Wilkinson* and *I. J. Rice,* for defendant in error Bettie L. Tabor.—The failure of the sheriff to give proper notice of the sale did not affect the purchaser's rights in this case as it was not shown that she had any knowledge whatever, of such failure to properly advertise the sale. Pearson v. Hudson, 52 Texas, 361; Donebaum v. Tinsley, 54 Texas, 366; Cavenaugh v. Peterson, 47 Texas, 205; Riddle v. Bush, 27 Texas, 677; Coffee v. Silvan, 15 Texas, 359; Howard v. North, 5 Texas, 306; Heck v. Martin, 13 S. W. Rep., 51; Freeman, Executions, sec. 340.

If in fact the failure of appellant to designate a portion of said block, less than the whole, for sale, was attributable to his not having been served with notice of the sale, this would not avoid the sale as to appellee who was without notice of such irregularity at any time prior to the sale.

BROWN, ASSOCIATE JUSTICE.—This was a proceeding in the nature of a motion, filed in the District Court by appellant Bean, seeking to quash an order of sale and to set aside a sale made under it and cancel the deed by the sheriff made in pursuance thereof. The City of Brown-

wood, the plaintiff in the order of sale, and Bettie L. Tabor, purchaser at the sale, were made parties defendant to the proceeding. Plaintiff in error presents a number of grounds upon which he attacks the judgment of the District Court, but we think there is but one of his assignments which demands attention from this court. The facts bearing upon the question that we shall discuss are as follows:

Chas. Bean, the plaintiff in error, was the head of a family, and had resided in Brownwood, Texas for ten years prior to the institution of this suit, making his home upon the property in controversy. He owned Block No. 35, upon which he resided, in the said town, and also other real estate which had been regularly assessed for taxes in that city for the years 1891 to 1894 inclusive, which taxes remained unpaid, amounting in the aggregate to $298.85 including interest. The City of Brownwood instituted a suit in the District Court of that county, to the May Term, 1896, against Charles Bean, in which it sought to recover the taxes due from him, and to foreclose a lien upon the several pieces of property described in the petition for the amount due upon each respectively,—the homestead of the defendant in that suit, Charles Bean, being included in the property sought to be subjected to taxes. Mrs. Bean, the wife of the defendant Bean, was not made a party to the suit. He was duly served with process and failed to make any answer in the case; whereupon, at the May Term, 1896, of that court, judgment was entered by default against Bean personally for the sum of $298.85 and foreclosing a lien upon the lands described in the judgment; among other pieces of real estate foreclosure was had upon the property in controversy for the sum of $136.70, being the taxes due upon it with the interest up to the date of the judgment. The lien was foreclosed also upon another piece of property for the remainder of the judgment.

On the 13th day of July, 1896, the Clerk of the District Court of that county issued two orders of sale upon the said judgment, to the sheriff or any constable of Brown County, one commanding the said officer to sell, as under execution, Block 35 for the payment of the amount of money foreclosed upon it, with the cost of executing the writ; and the other directing the sheriff to sell, as under execution, the other real estate described in the judgment, for the satisfaction of the amount foreclosed against it with all costs of that suit. On the same day that the writs were issued the sheriff prepared written advertisements of the sale under each order of sale and caused them to be posted according to law. He caused a copy of the notice of sale of the real estate, other than that in controversy, to be delivered to Charles Bean at the time the notices of sale were posted, but he failed to deliver or cause to be delivered to Charles Bean, the defendant in the order of sale, any copy of the notice of sale for the piece of property in controversy in this proceeding and upon which he then resided. Charles Bean at the time resided in Brownwood, in Brown County. Bean did not know that the land upon which he lived was advertised for sale until, on the day of sale, the sheriff offered it at public outcry in his

presence. He testified that if he had known that it was advertised for sale he would have designated the southwest half of it to be sold for the payment of the judgment. There is nothing to contradict this evidence of his, but the trial judge refused to find upon the question whether he would have so designated it or not. On the day of sale Bean did pay off the judgment against the other property.

Block 35 is 200 feet square and is bounded on two sides by public streets of the city. It was at the time worth $2500 and the southwest half of it was worth $700. The residence and other buildings used in connection with the homestead were on the northwest half; the southwest half being separated from the other by a fence was used as a garden and could have been separated from the northwest half without injury to either part. If thus divided the southwest half would have had a front of 100 feet on a public street of the city, extending back 200 feet from it, and the other half, upon which Bean resided, would have fronted 100 feet on the same street and 200 feet on another street.

Bettie L. Tabor had no actual or constructive notice that the sheriff had not served a copy of the notice of sale upon Bean, and she purchased the whole property at the sheriff's sale on the fourth day of August, 1896, for $151. Bean did not know who the purchaser was until possession was demanded of him, when he learned that Bettie L. Tabor was the purchaser, and he then tendered to her the money that she had paid in the purchase, with interest, which she refused and he filed this motion, making a tender of the money in the motion.

Prior to the enactment of the law of April 23, 1895, chapter 110 of the Acts of the 24th Legislature, a defendant in execution who owned land subject to sale was under the necessity of watching the court house door for advertisements of sales of real estate, that he might be informed of any levy upon or proposed sale of his lands. In levying upon personal property the officer is required to take actual possession of it, whereby the owner is notified of the seizure, but a levy upon real estate under an execution or a sale under a venditioni exponas does not require the sheriff to do any act which would give notice to the owner of the property that it was to be sold, although he might at the time be in the actual possession of the land. It is well known to the courts and the bar of this State that real estate was not unfrequently sold under the process of the courts and the owner not made aware of it for years after the time for setting aside the sale had passed, and much valuable property has been lost and sacrificed for want of information that it was about to be exposed to public sale. To remedy these evils the Legislature enacted the following law:

"Art. 2366, Rev. Stats. The time and place of making sale of real estate in execution shall be publicly advertised by the officer for at least twenty days successively next before the day of sale, by posting up written or printed notices thereof at three public places in the county, one of which shall be at the door of the court house of the county, and by delivering to the defendant in execution one copy of said notice of

sale, whenever he resides in the county where the land is situated, and shall mail a similar notice to the attorney of record, if any, for such defendant in every case; and if such defendant resides out of the county where the land is situated, the officer shall mail to him a similar notice directed to him at his postoffice, if known to such officer, and if his residence is not known and he has no attorney of record, the posting of the first three notices shall be sufficient," etc.

By article 2363 a defendant in execution or order of sale, when his land, not situated in a town or city, is advertised for sale under process of court, may have it surveyed by the county surveyor, into lots of not less than fifty acres, and present to the officer who is to make the sale a plat and field-notes of it, and the officer must sell the real estate in such parcels as have been designated by the owner; and the owner may, if he thinks it to his interest, at any time not less than five days after notice of the sale has been served upon him, call upon the officers to cause the sale of his land to be advertised in a newspaper in addition to the posted written notices. Rev. Stats., art. 2366.

The sale of real estate under judgments rendered by courts for taxes due on it, is regulated by the seventh section of the act of the 24th Legislature, chapter 42, page 50, which is in the following language: "The proper persons shall be made parties defendant in such suit and shall be served with process and other proceedings had therein, as provided by law for suits of like character in the district courts of this State; and in case of forclosure an order of sale shall issue and the lands sold thereunder as in other cases of foreclosure; but if the defendant or his attorney shall at any time before the sale file with the sheriff or other officer in whose hands any such order of sale shall be placed a written request that the property described therein shall be divided and sold in less tracts than the whole, together with a description of said subdivisions, then such officer shall sell the land in said subdivisions as the defendant may request, and in such case shall only sell as many subdivisions, as near as may be, to satisfy the judgment, interest and costs," etc. Section 11 of that act authorizes cities and towns to proceed under its provisions for the collection of delinquent taxes due to such corporations. The facts of the case now before us bring it clearly within the provisions of these statutes and entitled Bean to all the advantages and benefits to be derived from an observance of their requirements by the sheriff of Brown County in the execution of the order of sale in question.

When the sheriff advertised Bean's land for sale by written notices as required by law, it was the officer's duty at the same time to deliver to Bean in person a copy of the notice posted. No other act required by the law to be done by the officer in the enforcement of such writ is of greater importance to the defendant than that of giving to him notice of the sale and the time and place when it would occur. If the notice had been given in this instance as required by law, Bean would have had twenty days to arrange for money with which to discharge the debt,

and if not able to pay it he then had the right to divide the property and designate such portion of it as he desired to be sold, provided it could be done without injury to the rights of either party, and he could thereby have prevented the sacrifice of his entire homestead for an inadequate sum. Bean also had the right, if he thought it was to his interest to do so, to call upon the proper officers and demand that the sale of his property should be advertised in a newspaper in that county, thereby securing a larger number of bidders, perhaps, than could have been done by the notices posted as the statutes required. He was deprived of the right to do either of these things.

The District Judge who tried the case stated that in his opinion the failure to give Bean notice of the sale did not contribute to the inadequacy of the price for which the land was sold, but that this was probably brought about by the conduct of Bean, who was present at the time and gave notice that the purchaser of the land would "buy a law suit." It is also found as a fact that Bean knew of the sale on the same day and before it was made. The Court of Civil Appeals adopted these findings, and seem to hold that Bean was estopped to claim that the sale be set aside for want of the notice required, because he was present at the time of the sale and because he gave notice of his disapproval of the sale to those who were present. In the case of Hart v. Blum, 76 Texas, 117, it was held by this court that one who had a just objection to the sale about to be made and who made that known at the time of the sale did not estop himself to attack it although it appeared that in fact a bidder was prevented from making a higher bid; the court said: "He is not shown to have done anything at the sale not authorized by law. There is no evidence that anything was said by him which he had no legal right to say, that stifled competition among bidders."

In the State of Tennessee there is a statute quite similar to that under consideration, and in the construction of it, in the case of Carney v. Carney, 10 Yerger, 491, the Supreme Court of that State said: "But to say, that if the defendant in an execution is present at the sale of his land and does not object to it and notify the bidders that he has not had the notice, he shall be bound by his silence, and shall not afterwards object to the sale for want of the notice, is going too far. It is enough, in my opinion, to hold the sale valid, if he shall actually promote it, or consent that it be made—his mere silence is not sufficient."

In that State the statute provides that a failure to give the notice as required shall render the sale of the land void, but our statute does not go so far. The importance of the provision requiring notice to the defendant is shown by the care with which it is provided for; it must be contemporaneous with the publication of the notices of sale and be given to the defendant in person, if he resides in that county—if not, the notice must be mailed to him if his postoffice is known; and to make sure of it, the law directs that notice shall be given to the attorney of record of the defendant in all cases where there is such attorney. While the failure to give the notice required by the statute to the exe-

cution defendant is properly classed as an irregularity under our statute and would not subject the sale and deed to collateral attack, it is not a slight irregularity, but it is of a very grave character,—is sufficient ground upon which to set aside the sale and conveyance made thereunder unless it appears that no injury has resulted. The failure by the officer to comply with the law in that respect is a denial to the defendant of a valuable right, and we heartily concur in the following language used by the Supreme Court of the State of Tennessee upon a similar statute: "The right conferred upon the debtor by the statute should not be taken away by construction; and the duty it imposes on the officer is plain and simple, and can better be performed in the manner required by the statute than in any other manner which he might suppose to be equivalent." Richards v. Meeks, 11 Humphrey's, 456 and 457.

The statute was enacted by the Legislature of this State to correct a common evil and should be so construed as to preserve the right given to the defendant and to enforce the observance of the requirements of the law by the officers charged with the execution of such process.

It has been held in this State, that, if an officer in the enforcement of a writ of execution or order of sale be guilty of such irregularities as affect the fairness of the sale, the defendant in the writ may, by a motion made in proper time in the court from which the writ issued, have the sale set aside and the deed canceled; the plaintiff in the writ and the purchaser at such sale being made parties to such motion. Owen v. City of Navasota, 44 Texas, 522; Cravens v. Wilson, 48 Texas, 340.

This motion was filed in due time, in the court from which the writ issued, against the plaintiff in the writ and the purchaser at the sale, asking the court to set aside that sale and cancel the deed, and no objection can be made to the entry of such judgment if the facts are such as to justify the court in giving the relief prayed for.

The facts are few and show without doubt that the sheriff failed to perform a plain duty enjoined upon him by statute, by which Bean was deprived of the privilege of designating a part of the land ordered to be sold in such manner as to have secured the satisfaction of the writ and at the same time to have protected the home of his family from sacrifice. The result of this disregard of a plain duty on the part of the sheriff was that $2500 worth of real estate was sold for $151, less than one-fifteenth part of its value, and if the sale is sustained the defendant and his family will be deprived of a home, which could and would have been saved to them by the observance of the law, without detriment to the city.

The facts found by the trial court demanded that the court should set aside the sale and cancel the deed upon such terms as would protect the purchaser in a return of the money paid in discharge of the judgment against Bean and interest from such time as the facts show it should be calculated.

It is ordered that the judgments of the District Court and Court of

Civil Appeals be reversed and this cause be remanded to the District Court, with instruction to ascertain the date at which Bean made tender to Bettie L. Tabor of the money paid by her upon her bid, and upon payment being made of that sum by Bean, that court shall enter judgment setting aside the sale of the land and canceling the deed of the sheriff to Bettie L. Tabor. It is further ordered that Bettie L. Tabor pay all costs of this court and the Court of Civil Appeals.

*Reversed and remanded.*