## GEORGE H. WARD v. ROBERT FORRESTER ET AL.

### Decided March 30, 1904.

**1.—Trust Deed—Substitute Trustee—Evidence.**

A written appointment, by the person secured by a trust deed, of a substitute trustee, reciting that the original trustee had declined to act, was evidence of the appointment of the substitute, but not of the happening of the contingency, the refusal of the original trustee to act, which by the terms of the trust deed authorized such substitution.

**2.—Trust Deed—Recitals in Trustee's Deed.**

A provision in a deed of trust, that, in any deed given by any trustee thereunder, any and all statements of fact or other recitals therein made as to the nonpayment of the money secured, or as to the time, terms and place of sale and property to be sold having been duly published, or as to any other preliminary act or thing having been duly done by said trustee should be prima facie evidence of the facts so recited, did not make the recital by a substitute trustee of the refusal of the original trustee to act evidence of such fact.

Appeal from the District Court of Red River. Tried below before Hon. Ben. H. Denton.

*Hale, Allen & Dahoney,* for appellant.

*S. W. Harman,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellees in form of trespass to try title, but the principal question involved is one of boundary between the surveys owned by appellant and those owned by appellees. Verdict and judgment of the trial court were in favor of appellees for the land in controversy.

The appellant by assignment of error complains of the verdict and judgment on the ground that they are not supported by the evidence; that the testimony shows that the boundary lines of the surveys should have been established according to his contention. While there is much evidence in the record that tends to support the appellant's theory, we are not prepared to say that the verdict of the jury in favor of the appellees is without evidence to support it. Therefore, we are of the opinion that this assignment is not well taken.

We are of the opinion that appellant's first assignment of error presents reversible error. As a muniment of title necessary to be shown by the appellees, the plaintiffs below, they introduced in evidence a deed executed by one Dinwiddie, as substitute trustee, conveying the land in question to the Texas Farm Land Company, from whom the appellees deraign title. This deed is predicated upon a deed of trust executed by one Splawn to secure a debt due the Security, Mortgage and Trust Company. One J. T. Dargan was, by the terms of this instrument, appointed trustee. The Security, Mortgage and Trust Company, the holder of the indebtedness against Splawn, executed an instrument which was offered in evidence, to the effect that Dargan had refused

and declined to act as trustee, and therefore Dinwiddie, as sheriff of Red River County, was appointed substitute trustee.

The appellant in the trial of the case objected to the introduction in evidence of the substitute trustee's deed, and to the instrument executed by the Security, Mortgage and Trust Company, appointing Dinwiddie as substitute trustee, on the ground that it was not shown that Dargan, the original trustee, had refused or declined to act, and that the mere appointment of the substitute trustee and the recitals contained in the deed executed by him of the fact of his appointment, were not admissible as evidence establishing the fact that Dargan had refused to act. The instrument offered showing the appointment of the substitute was admissible as evidence of that fact, and would authorize him to act, provided the contingency had occurred that authorized his appointment. The instrument evidencing the appointment is merely evidence of that fact, and could not be considered as establishing the fact that Dargan, the original trustee, had declined or refused to act. The statement contained in the instrument appointing the substitute trustee, that such was the case, is nothing more than the ex parte declaration and hearsay statement of the Security, Mortgage and Trust Company.

The deed of trust which was properly admitted in evidence, contains these recitals: It authorizes the trustee to sell the land as under execution after maturity of the debt, upon the request of the Security, Mortgage and Trust Company, or other owner and holder of the debt. It provides that in case of the death, absence, refusal or inability of Dargan as trustee to act, then the Security, Mortgage and Trust Company, or their legal representatives or other holder of the notes, may appoint a substitute trustee in writing, who shall have the same powers which were delegated to Dargan, the original trustee. And it was also provided that in any deed or deeds given by any trustee hereunder, any and all statements of fact or other recitals therein made as to the non-payment of the money secured, or as to the time, terms and place of sale and property to be sold having been duly published, or as to any other preliminary act or thing having been duly done by said trustee, shall be taken by any and all courts of law and equity as prima facie evidence that the said statements or recitals do state facts, and without further question, shall be accepted as such."

The deed executed by Dinwiddie, the substitute, recites that the original trustee, Dargan, refused to act; and contains other recitals as to the time, place and manner of sale and of his appointment as substitute and request to sell, and of advertisement of the land for sale, as provided in the deed of trust, etc.

Of course, it is conceded that the substitute was without power to sell, unless the original trustee had refused or declined to act upon request of the holder of the debt; but it is contended by appellees that the deed of trust, by reason of the recitals just stated, authorized the substitute trustee to make the recitals contained in his deed, and gave

them the effect, when so made, of prima facie evidence of the fact that the original trustee had refused to act, and of the further fact that the substitute was appointed in his place.

We are of the opinion that this effect can not be given to the recitals contained in the deed of trust. Those things which are established by the recitals contained in the deed of the substitute trustee relate to the nonpayment of the money secured, to the time, terms and place of sale and to the advertisement of sale, and as to any other preliminary act or thing having been duly done by said trustee. This latter clause evidently only relates to acts or things that were done by the trustee making the sale, or that were done by a trustee who was legally appointed. These recitals can not be construed to mean that it empowered the trustee, by recitals in his deed, to create evidence of his power to act, because he does not become a trustee authorized to make recitals, until he has been duly appointed, and the words "said trustee who is empowered to make recitals which will have the effect of prima facie evidence" refer and apply to a trustee who is empowered by virtue of an appointment to make such recitals.

We agree with appellant that it was incumbent upon the appellees to establish the fact that Dargan, the original trustee, had declined or refused to act, and that the appointment of the substitute by the holder of the note and the recitals contained in the substitute's deed were not evidence of Dargan's refusal.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*