**DODSON et al. v. LANGFORD et al.**

**No. 10600.**

Court of Civil Appeals of Texas. Dallas.

April 5, 1930.

John C. Read and W. F. Bane, both of Dallas, for appellants.

Taylor & Irwin and George Sergeant, all of Dallas, for appellees.

JONES, C. J.

This is a suit filed by appellees to set aside a sheriff's sale of certain real estate owned by Mrs. Langford, and to cancel the sheriff's deed thereon because of failure to give to appellees, execution defendants, the notice of such sale required by law. The suit is against W. F. Dodson and Hale Davis, and on peremptory instruction from the court the jury returned a verdict in favor of appellees and entered judgment setting aside the sale and canceling the sheriff's deed to Hale Davis, who bid the property in at the sale. The appeal is duly prosecuted.

 The undisputed evidence shows that appellees lived at 6138 Reiger avenue, which place is outside of the city limits of Dallas, and not on any city or rural mail delivery route, and appellees did not receive their mail at their residence, but at a downtown address where they both worked. The evidence further shows that the sheriff of Dallas county attempted to notify appellees of the advertised sale of the property by mailing to them the notice required by article 3808, R. C. S. 1925. This notice, however, as shown by the evidence of the office deputy who mailed the notice, was addressed to 5138 Reiger avenue, instead of. 6138 Reiger avenue, and appellees never received the notice. This is all of the material testimony bearing on the issues of this appeal, and it is undisputed. All other requisites of said article of the statute were complied with. The statute permitting notice by mail to appellees of the execution of an order of sale of their land necessarily implies that the notice must be mailed to their proper address, and we hold that this is necessary to give a valid notice of such sale through the mails. If the notice is mailed to the proper address, the sheriff has discharged his duty under the law and it then becomes an immaterial inquiry on the validity of the notice so mailed as to whether appellees received it or not. This because, under the statute, the officer charged with giving the notice has performed his duty when the notice is placed in the post office, stamped and properly addressed to the interested parties. As construed, the statute conclusively presumes that such notice will be received by the addressee. Rogers v. Moore (Tex. Civ. App.) 94 S. W. 113; Id., 100 Tex. 220, 97 S. W. 685; South Texas Lumber Co. v. Burleson (Tex. Civ. App.) 173 S. W. 961.

No such presumption can be indulged when the notice does not carry the proper address. It is essential to the validity of a sheriff's sale under an order of sale that the compliance with the statute as to notice be observed. Bean v. City of Brownwood, 91 Tex. 684, 45 S. W. 897.

There was no error in giving the peremptory instruction, and the correct judgment was rendered under the undisputed evidence in this case.

Affirmed.