## CROW v. THOMPSON.

### No. 5047.

Court of Civil Appeals of Texas. Amarillo.

June 26, 1939.

Rehearing Denied Sept. 11, 1939.

E. L. Klett, of Lubbock, for plaintiff in error.

Nelson & Brown and W. F. Schenck, all of Lubbock, for defendant in error.

STOKES, Justice.

This is a suit in trespass to try title filed by defendant in error, H. W. Thompson, on the 18th of June, 1937. The case was tried upon the second amended original petition filed December 30, 1937, in which defendant in error attacks a substitute trustee's deed executed in consummation of an alleged foreclosure of a deed of trust lien on the land involved, and a sheriff's deed made under an execution issued out of a justice court of Taylor County.

Plaintiff in error answered by general demurrer, general denial, and set up title in himself under the substitute trustee's deed and the sheriff's deed. The facts are, substantially, that on the 8th of October, 1932, defendant in error executed to plaintiff in error a deed of general warranty in which he conveyed the north 100 acres of the west one-half of Survey 733, Block D, of the John H. Gibson Surveys in Yoakum County. Immediately following the description of the consideration in the deed is a clause or paragraph in which an undivided one-half interest in the oil and gas mining rights is retained. As part of the consideration plaintiff in error assumed the payment of an outstanding indebtedness of $300 owing by defendant in error to Sam C. Arnett, which was secured by a deed of trust theretofore executed by defendant in error in which W. O. Stevens was named as trustee.

On March 3, 1936, D. E. Kemp, purporting to act as substitute trustee under the deed of trust, sold to Sam C. Arnett and, by substitute trustee's deed, conveyed to him the 100 acres of land in controversy, and on the 19th of March, 1936, by quitclaim deed, Arnett conveyed his interest in the land to plaintiff in error, P. H. Crow. These deeds purported to convey the entire tract of land and, therefore, were sufficient, if effective, to place in plaintiff in error the undivided one-half interest in the oil and gas rights retained by defendant in error in his deed of October 8, 1932.

On the 10th of January, 1933, J. M. Radford Grocery Company procured a judgment in a justice court of Taylor County against defendant in error for the sum of $86.55 and costs of suit. An abstract of this judgment was issued and placed of record in Yoakum County February 1, 1933, and on the 19th of July, 1937, an alias execution was issued out of the justice court of Taylor County, directed to the sheriff of Yoakum County, under which the sheriff levied upon the 100 acres of land in controversy and advertised it for sale on the 7th of September, 1937. The advertisement was duly published in a newspaper at Plains, in Yoakum County, and a copy of the notice of sale mailed to defendant in error at Lubbock. The sale was made as advertised and the land struck off to plaintiff in error for the sum of $200.

It will be noted this suit was filed on the 18th of June, 1937, and was, therefore, pending in the district court of Yoakum County when the execution sale was made. After the sale defendant in error filed his amended original petition in which he attacked the validity of the deeds resulting from the substitute trustee's sale and the sheriff's sale as above detailed.

The case was tried before a jury and at the close of the testimony each party made a motion for an instructed verdict in his favor. Plaintiff in error's motion was overruled and the court instructed the jury to return a verdict in favor of defendant in error. Upon the return of such verdict, judgment was rendered in his favor and, plaintiff in error's motion for new trial having been overruled, he gave notice of appeal and the case is now before this court upon a writ of error.

Plaintiff in error contends the court erred in giving the peremptory instruction and that the judgment should be reversed upon grounds set out in fifteen separate propositions which, we think, may be reduced to three general contentions: First, that the attempted reservation of minerals by defendant in error was void and ineffective because it was repugnant to the grant in the deed. Secondly, that the trustee's deed to Arnett, under which plaintiff in error claims, was effective and divested defendant in error of all title to the mineral rights in the land and, thirdly, that the questions of inadequacy of price at the sheriff's sale; ordinary diligence of the sheriff in mailing notice of the sale; irregularities in the sale, and other matters pertaining thereto were controverted is-

sues and should have been submitted to the jury.

■ The deed executed by defendant in error in which he conveyed all of the 100 acres of land except an undivided one-half interest in the mineral rights is in the ordinary form of a general warranty deed. Immediately following the recitation of consideration the following clause appears: "It is understood and agreed by and between the grantor and the grantee herein that the land herein described is now under oil and gas mining lease to the T. & P. Oil & Gas Company and that the grantor is ·retaining a one-half undivided interest in and to all oil and gas mining rights· in and to said land and that a one-half undivided interest in and to the oil and gas royalties only is being conveyed by this instrument." Immediately following the quoted clause is the granting clause and it is asserted by plaintiff in error under his first contention that the attempted reservation of the minerals under the clause we have quoted is void because it is repugnant to the granting clause. We do not agree with plaintiff in error in this contention. It is manifest from the deed as a whole that the purpose and intention of the parties were to dissever the minerals from the surface and other elements of the estate and reserve one-half of such minerals to the grantor. It is evident also that their purpose and intention were that an undivided one-half interest in the mineral rights therein described should remain in the grantor and that they were not to be included in the granting provisions of the deed. There is no repugnancy if the reservation can be explained without destroying the grant and it is clear that such is not the effect of the deed in question. While the granting clause is in general terms, yet the prior reservation concerning an undivided one-half interest in the mineral rights makes clear that it was not intended by the parties that the portion reserved to the grantor should be included.

■ Deeds are to be construed as other written instruments and it is elementary that the controlling element is the intention of the parties gathered from the instrument when this can be done. The strictness of the rules of common law in regard to matters of this kind is not observed by modern rules of construction under which the courts have adopted the more sensible one of upholding all parts of a written instrument where the intention of the parties can be determined from its provisions.

The contention here made by plaintiff in error is completely and fully answered by the Supreme Court in the case of Associated Oil Co. et al. v. Hart et al., 277 S.W. 1043. The law pertaining to the matter is so plainly stated and thoroughly discussed in that case by Judge Speer of the Commission of Appeals that we deem further discussion of it here to be unnecessary. ·Many cases are cited in support of the holdings in that case and the conclusions expressed were approved and adopted by the Supreme Court. The first, second, ninth and tenth propositions presented by plaintiff in error are, therefore, overruled.

Under his second contention plaintiff in error asserts that the trustee's deed executed by D. E. Kemp was effective and conveyed to him all right, title and interest owned by Thompson in the land, including the one-half of the mineral rights that had been reserved by Thompson in his former deed to plaintiff in error, and that he is not estopped from claiming the title which he thus acquired. We do not deem it necessary to discuss the question of estoppel. Defendant in error pleaded certain facts under which he asserted that plaintiff in error was estopped from claiming the interest reserved by defendant in error even though the substitute trustee's deed was a valid conveyance. In the view we take of the case, however, the question of estoppel is not material. The facts surrounding this transaction are that the deed of trust named W. O. Stevens as trustee and gave to him power to sell the land in the event of default in the payment of the note executed by defendant in error to Sam C. Arnett in the sum of $300. The usual provisions for the appointment of a substitute trustee were included, among them being that in case of the death of W. O. Stevens or his removal from Lubbock County, or his refusal, failure or inability for any reason, within thirty days after being requested by the holder of the note, to make the sale or perform the trust, the holder of the note was authorized to appoint, in writing, a substitute trustee who should thereupon succeed to all of the rights, powers and trusts thereby granted to W. O. Stevens. The only evidence that any of these contingencies happened is the statement in the deed executed by Kemp as substitute trustee to the effect that Stevens had failed and refused

to act and that Kemp had been duly appointed in writing by Sam C. Arnett as substitute trustee, with all of the powers granted by the deed of trust to W. O. Stevens. It was not otherwise shown that Stevens had removed from the county nor that he had declined or refused to perform the duties conferred upon him by the deed of trust, nor that any other contingency had transpired which authorized the holder of the note to appoint a substitute trustee.

It is settled law in this state that the duty rests upon him who depends upon the deed of a substitute trustee as a muniment of his title to establish the fact that the original trustee had declined to act or had removed from the county or that some contingency provided in the original appointment had occurred which warranted the appointment of a substitute trustee. It is also well established that recitals in a substitute trustee's deed are not sufficient to establish the happening of these contingencies. Ward v. Forrester et al., 35 Tex.Civ.App. 319, 80 S.W. 127; Davis v. Hughes et al., 38 Tex.Civ.App. 473, 85 S.W. 1161; Clark et al. v. Richardson, Tex.Civ.App., 247 S.W. 347; Bowman et al. v. Oakley et al., Tex.Civ. App., 212 S.W. 549.

In Ward v. Forrester, supra, the court said [35 Tex.Civ.App. 319, 80 S.W. 128]: "We agree with appellant that it was incumbent upon the appellees to establish the fact that Dargan, the original trustee, had declined or refused to act, and that the appointment of the substitute by the holder of the note and the recitals contained in the substitute's deed were not evidence of Dargan's refusal."

In order to stand upon a substitute trustee's deed in a foreclosure under a deed of trust, the refusal of the original trustee to make the sale or some other contingency provided in the deed of trust, together with the appointment of the substitute trustee in writing as provided by the deed of trust must be shown by competent evidence. Furthermore, it is clear from the above authorities and others that the mere recital in a substitute trustee's deed that these contingencies happened is not evidence. Inasmuch as the record in this case is wholly lacking in proof that the original trustee was requested by the holder of the note to make the sale and that he declined or, for some other reason specified in the deed of trust, did not or could not do so, this contention made by plaintiff in error is, in our opinion, without merit and his third, fourth and eleventh propositions are overruled.

Under the third contention made by plaintiff in error it is asserted that the questions of whether his purchase of the land at the sheriff's sale under the Taylor County justice court execution was at a "grossly inadequate price" and the question of whether or not the sheriff used ordinary diligence in mailing notice of the sale to defendant in error, and whether or not, in making the sale, there were irregularities which contributed to the "grossly inadequate price", were all questions of fact upon which there were conflicts in the testimony and the trial court erred in giving to the jury a peremptory instruction to return a verdict in favor of defendant in error.

As to the matter of irregularities in the sale and the lack of diligence of the sheriff in ascertaining the correct address of defendant in error, we do not accede to the contention of plaintiff in error that controverted issues of fact were involved. While defendant in error had at one time been a resident of Lubbock County, he had resided at Albuquerque, in the State of New Mexico, for a number of years prior to the sale. The sheriff received the execution from plaintiff in error's attorney who resided at Lubbock and he mailed a copy of the notice of sale addressed to defendant in error at Lubbock. The record shows that the sheriff made no effort whatever to ascertain the correct postoffice address of defendant in error. It is contended just here by defendant in error that such information and instructions as the sheriff had concerning the manner in which the sale should be made were given to him by counsel for plaintiff in error and that plaintiff in error is chargeable with fraudulent conduct in concealing from the sheriff the correct postoffice address. We do not find in the record any evidence of fraud. The law makes it the duty of the sheriff to give to the defendant or his attorney written notice of the sale. If he is not informed as to the correct address, it is his duty to use at least ordinary diligence to ascertain it. Dodson et al. v. Langford, Tex.Civ. App., 26 S.W.2d 924; Jackson et al. v. O'-Connor, Tex.Civ.App., 96 S.W.2d 803. We know of no law which places upon the plaintiff in execution or his counsel the duty to inform the sheriff of the correct address of the defendant in the absence of a re-

quest for it or knowledge that he is not in possession of it. Although the sheriff was ignorant as to the correct address and testified he did not know anything about the defendant, he addressed the notice to him at Lubbock and when it was returned unclaimed he made no further effort to ascertain the correct address or inform the defendant in execution that the sale would be made. The testimony concerning these matters was uncontroverted. Moreover, the defendant in error testified he did not know of the levy nor that the sale was to take place nor that it had been made until long afterwards. He testified further that if he had known of it he would have been present and paid the full amount of the judgment upon which the execution was based. If the notice had been deposited in the mail to the correct address of defendant in error it would have been sufficient even though it had not actually been received by him, but the mailing of the notice to the wrong address does not raise any presumption that it was received. Dodson v. Langford, supra. Since defendant in error's testimony to the effect that, if he had known the sale was to take place he would have been present and paid the judgment, is uncontroverted, no jury question was raised as to this phase of the matter.

We are of the opinion, however, that the next contention of plaintiff in error, viz.: That the facts surrounding the question of whether or not the property sold at an inadequate price presented issues that should have been submitted to the jury, is well taken and should be sustained. The record shows that plaintiff in error, through his attorney, purchased the property at the sheriff's sale for $200. Two witnesses who qualified as experts concerning the value of the mineral rights claimed by the defendant in error testified that their value was $75 per acre. Defendant in error retained only an undivided one-half interest in the mineral estate of the 100 acres which, according to these witnesses, at the time of the sheriff's sale, was worth $3,750. Plaintiff in error himself testified concerning the valuation and placed it at $500. It has been held that "inadequate price" means simply an inequality between the value of the property and the price paid for it. Sargent v. Shumaker, 193 Cal. 122, 223 P. 464. In giving to the jury a peremptory

instruction, the trial court necessarily assumed that the price paid by plaintiff in error at the sheriff's sale was inadequate. In order to reach this conclusion he necessarily accepted as true and accurate the estimates and opinions of the expert witnesses and in giving to the jury a peremptory instruction, he deprived plaintiff in error of his right to have the jury pass upon the accuracy and weight of their testimony. In doing this we think the trial court committed error for which the judgment will have to be reversed. The opinions of witnesses who are shown to be qualified to testify concerning values is universally accepted as being admissible testimony and is to be considered by the jury in arriving at conclusions concerning such matters, but such testimony is not conclusive. The ultimate weight to be given to it is a prerogative that rests with the jury. We know of no rule of law that requires the jury to yield its judgment and substitute absolutely the opinions of scientific or expert witnesses. The opposite rule prevails. Hodges v. Hodges, Tex.Civ.App., 111 S.W.2d 779; Fidelity & Casualty Co. v. Joiner, Tex.Civ.App., 178 S.W. 806; American Nat. Ins. Co. v. McKellar, Tex. Civ.App., 295 S.W. 628; Congress & E. Spring Co. v. Edgar, 99 U.S. 645, 25 L.Ed. 487; Drollinger v. Holliday, Tex.Civ.App., 117 S.W.2d 562.

Moreover, in giving the peremptory instruction, the court necessarily concluded there was no conflict of evidence in respect to the value of the mineral rights, at least that their value was not less than $500, the lowest estimate placed upon it by any witness. The record shows the mineral estate claimed by defendant in error brought $200 at the sheriff's sale and that, of itself, was some evidence of its value. In giving the peremptory instruction, therefore, the trial court assumed, as a matter of law, that the value of the property was materially greater than $200, the price paid by plaintiff in error for the sheriff's deed. The facts upon which such a conclusion must be based being solely for the jury, plaintiff in error had the right to have the jury pass upon them. In our opinion this was error.

The judgment will be reversed and the cause remanded.